FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiff
APARTMENT ASSOCIATION
OF GREATER LOS ANGELES,
in its representative capacity
on behalf of its association
members and ORIT BLAU

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; ORIT BLAU,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BEVERLY HILLS, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No. CV18-06840-PSG-E<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7-9, Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES and ORIT BLAU (collectively "Plaintiffs," or "AAGLA," or "BLAU") hereby files the following First Amended Complaint by right and states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the Fourth, Fifth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF BEVERLY HILLS ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

## PARTIES

3. AAGLA is Southern California's leading advocate for affordable quality housing whose principal place of business is 621 Westmoreland Avenue, Los Angeles, CA 90005. Plaintiff Orit Blau is a member of AAGLA.

4. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

2

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

6. AAGLA is a trade association that is over 100 years old and is Southern California's leading advocate for affordable quality housing.

7. AAGLA's members consist of apartment owners.

8. AAGLA was founded to provide education and information to its members.

9. AAGLA advocates to protect the rights of its members and it also promotes fair housing policies and the use of best practices in the property housing and rental management industry which benefits the public and municipal and state governments.

10. AAGLA'S members, including Orit Blau, own properties that are zoned and classified by the City as being subject to the Rent Stabilization Ordinance ("RSO"). AAGLA brings this action in its representative capacity on behalf of its members.

11. The RSO requires that a property owner or operator not raise rents annually on tenants beyond a certain percentage of the rent per year.

12. On January 24, 2017 and February 21, 2017, the City passed and adopted Ordinance Nos. 17-O-2725 and 17-O-2728 (collectively "Ordinance") and revised regulations, amending the RSO to require that a property owner subject to the RSO, as a condition of permitting a property owner to rent units in the City, provide to the City, without consent of the property owner, or consent of the property owner's tenants, or a court order as required under the Fourth Amendment of the United States Constitution, among other information, a list of sensitive tenant rental information for each unit rented including the amount of rent charged, unit numbers, utility payments, and onsite parking availability. A copy of the Ordinance is attached hereto as Exhibit "A".

13. The information required to be given to the City as alleged in paragraph 12 is in effect a condition of licensing in that the City will not permit a property owner a license to rent such units subject to the RSO unless such sensitive business information is divulged to the City.

14. AAGLA's members' tenants also have a fundamental liberty and property interest that protects their privacy under the California Constitution that is a "state created" liberty and property interest incorporated and protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

15. The Ordinance in requiring that AAGLA'S members divulge their tenant's sensitive rental information without requiring notice and consent from the tenants or a court order infringes on their tenants fundamental privacy rights protected under the Due Process Clause

4

of the Fourteenth Amendment of the United States Constitution and subjects AAGLA'S members to liability from such tenants both under state and federal law.

16. Further, the Ordinance requires a landlord to pay a relocation fee if a tenant moves from his or her apartment subject to the conditions set forth in the Ordunance. No hearing process is set forth in the Ordiunance for notice and opportunity to be heard by the landlord regarding the payment of the relocation fee.

17. In addition, the Ordinance requires that the tenant rental information be provided to the City by the property owner as a condition of obtaining the license, under the City's municipal code a violation of any ordinance carries with it an additional threat of civil and criminal penalties.

18. In bringing this action, AAGLA sues only for declaratory and injunctive relief and BLAU sues for damages, declaratory and injunctive relief.

Based on the above facts, Plaintiffs allege the following claims:

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by All Plaintiffs Against All Defendants)

19. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 18, and all its subparts, inclusive, as set forth hereinabove.

20. Plaintiffs are informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of

Beverly Hills, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

21. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-18 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of AAGLA'S members and BLAU, in particular their individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from to be free from an unreasonable search and seizure of its property, both on its face under the Ordinance and as applied to AAGLA'S members and BLAU; and further violates under the Fourth Amendment by imposing under the Ordinance, on its face and as applied to AAGLA'S members and BLAU, an unconstitutional condition and restriction on its licensing and renting of property in violation of the Fourth Amendment; violates and further threatens to violate the constitutional and civil rights of AAGLA'S members and BLAU, in particular their individual rights under the Fifth and Fourteenth Amendments of the United States Constitution to be free from an unconstitutional taking of property without just compensation by requiring payments to tenants of relocation fees upon moving from their apartments; violates and further threatens to violate the constitutional and civil rights of AAGLA'S members and BLAU, in particular their individual rights under the Fourteenth Amendments of the United States Constitution to under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

22. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-18 above, the

6

City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of AAGLA'S members and BLAU, in particular their individual rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that similarly situated property owners and operators whose properties are not zoned and classified as subject to the RSO, such as hotels and motels, have not, and are not, being treated by the City as AAGLA'S members and BLAU are under the restrictions of the Ordinance.

23. The City's actions described in paragraphs 1-18 above were done pursuant to official policy, custom, or practice of the City.

24. As a proximate result of the foregoing acts of defendants, and each of them, AAGLA'S members and BLAU are threatened to suffer extreme hardship and damages, which damages include, but is not limited to, economic damages, entitling AAGLA suing on behalf of its members to appropriate declaratory and injunctive relief against all the defendants, and BLAU for damages and appropriate declaratory and injunctive relief against all the defendants, and AAGLA and BLAU are entitled to their reasonable attorneys fees under 42 U.S.C. section 1988.

<u>SECOND CLAIM FOR RELIEF</u>

(Violation of Civil Rights Under 28 U.S.C.

Section 1331 by All Plaintiffs Against All Defendants)

25. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 18, and all its subparts, inclusive, as set forth hereinabove.

26. By taking the actions herein above alleged in paragraphs 1-18 above, the City and

defendants, and each of them, by way of the Ordinance, both on its face and as applied to plaintiffs, also violates the constitutional and civil rights of plaintiffs, and further threatens to violate the constitutional and civil rights of plaintiffs, in particular their rights under the Fifth Amendment and Fourteenth Amendments of the United States Constitution, in particular their individual rights to be free of a taking of their property without due process of law and without just compensation ("Fifth Amendment Takings Claim"), as incorporated under the California Constitution Takings Clause, Article I, Section 19.

27. Plaintiffs' Fifth Amendment Takings Claim, as incorporated under the California Constitution Takings Clause, Article I, Section 19, is not barred by way of Article III or prudential standing rules and this court has jurisdiction to hear the matter without exhaustion of state remedies.

28. As a proximate result of the foregoing acts of defendants, and each of them, the plaintiffs are threatened to suffer extreme hardship and damages, which damages include, but is not limited to, economic damages, entitling plaintiff BLAU to appropriate damages relief, in an amount to be proven at trial, and appropriate declaratory and injunctive relief and plaintiff AAGLA, suing on behalf of its members to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorney's fees..

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial,

8

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### SECOND CLAIM FOR RELIEF

1. For damages according to proof at trial,

2. For declaratory and injunctive relief;

3. For attorney's fees;

### ALL CLAIMS FOR RELIEF

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: February 4, 2019         LAW OFFICES OF FRANK A. WEISER


By: _____
FRANK A. WEISER, Attorney for
Plaintiffs APARTMENT
ASSOCIATION OF GREATER LOS
ANGELES and ORIT BLAU

9

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: February 4, 2019

LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES and ORIT BLAU