LAURENCE S. WIENER (BAR NO. 130404)
CITY ATTORNEY
CITY OF BEVERLY HILLS

RICHARDS, WATSON & GERSHON
 A Professional Corporation
GREGORY M. KUNERT (BAR NO. 94058)
gkunert@rwglaw.com
STEPHEN D. LEE (BAR NO. 270821)
slee@rwglaw.com
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone:  213.626.8484
Facsimile:  213.626.0078

Attorneys for Defendant
CITY OF BEVERLY HILLS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; ORIT BLAU,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No. CV18-06840-PSG-E<br><br>**DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes To Hon. Philip S. Gutierrez<br><br>Date:    April 22, 2019<br>Time:    1:30 P.M.<br>Dept:    6A<br><br>Action Filed:   August 8, 2018<br><br>[Exempt from filing fees pursuant to Govt. Code § 6103] |

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................9

I.     INTRODUCTION AND SUMMARY OF ARGUMENT....................................9

II.    STATEMENT OF FACTS .................................................................................11

III.   STANDARD OF REVIEW ...............................................................................12

IV.    CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7-3 .............14

V.     ARGUMENTS ..................................................................................................14

       A.   Plaintiffs Have Not Alleged and Cannot Allege Valid Fourth
            Amendment Search and Seizure Claims....................................................14

       B.   Plaintiffs Have Not Alleged and Cannot Allege a Valid Claim
            for Violation of Privacy Under the California Constitution ......................17

       C.   Plaintiffs Cannot Allege a Valid Claim for Violation of Equal
            Protection Under the Fourteenth Amendment ...........................................18

            1.   Plaintiffs Are Not Members of a Protected Class and the
                 Ordinance Is Rationally Related Legitimate State
                 Interests .........................................................................................18

            2.   Plaintiffs Cannot Allege a Valid Equal Protection Class-
                 Of-One Claim Because Plaintiffs Have Not Been Treated
                 Differently From Those Who Are Similarly Situated .....................20

       D.   Plaintiffs Have Not Alleged and Cannot Allege Viable Due
            Process Claims..........................................................................................22

            1.   Plaintiffs Fail to Allege a Valid Substantive Due Process
                 Claim Under the Fourteenth Amendment .......................................22

            2.   Plaintiffs Fail to Allege a Valid Procedural Due Process
                 Claim Under the Fourteenth Amendment .......................................24

       E.   Plaintiffs Cannot Allege and Have Not Alleged A Valid Fourth
            Amendment Unconstitutional Condition Claim..........................................26

       F.   Plaintiffs Cannot Allege and Have Not Alleged A Valid Fifth
            and Fourteenth Amendment Takings Claim ................................................26

            1.   Plaintiffs Have Not Alleged and Cannot Allege a Valid
                 Facial Taking Claim........................................................................26

            2.   Plaintiffs Have Not Alleged and Cannot Allege a Valid
                 As-Applied Takings Claim...............................................................28

VI.    CONCLUSION .................................................................................................32

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2267705v1.doc

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................. 13

5

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990) .............................................. 13

6

*Baron v. Reich,*
    13 F.3d 1370 (9th Cir. 1994) .............................................. 13

7

8

*Bd. of Regents v. Roth,*
    408 U.S. 564 (1972) ............................................................. 24

9

*California v. Ciraolo,*
    476 U.S. 207 (1986) ............................................................. 15

10

11

*City of Cleburne v. Cleburne Living Ctr.*
    473 U.S. 432 (1985) ............................................................. 19

12

*Colony Cove Properties, LLC v. City Of Carson*
    640 F.3d 948 (9th Cir. 2011) ........................................ 29, 30

13

14

*Concrete Pipe & Products of California, Inc. v. Constr. Laborers Pension
    Trust for S. California*
    508 U.S. 602 (1993) ............................................................. 31

15

16

*Daniels-Hall v. Nat'l Educ. Assn,*
    629 F.3d 992 (9th Cir. 2010) .............................................. 13

17

*Dodd v. Hood River Cty.,*
    59 F.3d 852 (9th Cir. 1995) ................................................ 22

18

19

*eCash Techs. Inc. v. Guagliardo,*
    127 F.Supp.2d 1069 (C.D. Cal. 2000)............................... 13

20

*Equity Lifestyle Properties, Inc. v. Cty. of San Luis Obispo*
    548 F.3d 1184 (9th Cir. 2008) ........................................... 20

21

22

*Garneau v. City of Seattle,*
    147 F.3d 802 (9th Cir. 1998) ........................................ 27, 28

23

*Hadacheck v. Sebastian*
    239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915)............... 31

24

25

*Hotel & Motel Ass'n of Oakland v. City of Oakland,*
    344 F.3d 959 (9th Cir. 2003) .............................................. 27

26

*Hotop v. City of San Jose*
    No. 18-CV-02024-LHK, 2018 WL 4850405, at *7 (N.D. Cal. Oct. 4,
    2018)................................................................................... 26

27

28

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW · A PROFESSIONAL CORPORATION

B0785-1642\2267705v1.doc

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page(s)</u>

*Janda v. Madera Comm. Hosp.,*
16 F.Supp.2d 1181 (E.D.Cal. 1998) ................................................. 13

*Katz v. United States*
389 U.S. 347 (1967) ................................................................. 15, 16

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ............................................................. 19

*Levald, Inc. v. City of Palm Desert*
998 F.2d 680 (9th Cir. 1993) ...................................................... 24, 27

*Lingle v. Chevron U.S.A. Inc.*
544 U.S. 528 (2005) ............................................................... 28, 30

*Long v. Cnty. of L.A.,*
442 F.3d 1178 (9th Cir. 2006) ........................................................... 14

*Mathews v. Eldridge,*
424 U.S. 319 (1976) ...................................................................... 25

*Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*
567 F.3d 521 (9th Cir. 2009) .......................................................... 20

*Oceanic California, Inc. v. City of San Jose,*
497 F.Supp. 962 (N.D.Cal. 1980) .................................................. 13

*Olvera v. City of Modesto*
38 F. Supp. 3d 1162 (E.D. Cal. 2014) ............................................ 17

*Paramount Contractors & Developers, Inc. v. City of Los Angeles*
805 F. Supp. 2d 977 (C.D. Cal. 2011) ............................................ 29

*Pennell v. City of San Jose*
485 U.S. 1, 13–14, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) ............... 23

*Rancho de Calistoga v. City of Calistoga*
800 F.3d 1083, 1090 (9th Cir. 2015) ................................. 30, 31, 32

*Ruckelshaus v. Monsanto Co.,*
467 U.S. 986 (1984) ...................................................................... 24

*San Francisco Apartment Ass'n v. City & Cty. of San Francisco*
142 F. Supp. 3d 910 (N.D. Cal. 2015) .................................. 16, 18, 19

*San Remo Hotel v. City and County of San Francisco,*
145 F.3d 1095 (9th Cir.1998) ...................................................... 27

*Shanks v. Dressel,*
540 F.3d 1082 (9th Cir. 2008) .................................................... 22

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW · A PROFESSIONAL CORPORATION

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page(s)</u>

*Stamas v. Cty. of Madera,*
  795 F. Supp. 2d 1047 (E.D. Cal. 2011) .................................................. 20

*Sylvia Landfield Tr. v. City of Los Angeles,*
  729 F.3d 1189 (9th Cir. 2013) ............................................................. 22

*United States v. Knotts*
  460 U.S. 276 (1983) .................................................................... 15, 26

*United States v, Ritchie,*
  342 F.3d 903 (9th Cir. 2003) ............................................................. 13

*United States v. Scott*
  450 F.3d 863, 866 (9th Cir. 2006)........................................................ 26

*Village of Euclid v. Ambler Realty Co.*
  272 U.S. 365, 397 (1926) .............................................................. 28, 31

*Villapando v. CDCR*
  No. 1:14CV00823 LJO DLB, 2014 WL 3729551, at *3 (E.D. Cal. July
  25, 2014).............................................................................. 20, 22

*Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*
  24 F.3d 56 (9th Cir. 1994) ............................................................... 25

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*
  473 U.S. 172 (1985) ..................................................................... 29

*Yee v. City of Escondido*
  503 U.S. 519 (1992) ...................................................................... 31

### <u>Statutes</u>

28 U.S.C. Section 1331 .......................................................................... 7

42 United States Code Section 1983 .........................................................6, 7, 14, 24

Federal Rules of Civil Procedure, Rule 12(b)(6)............................................ 6, 12, 13

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW · A PROFESSIONAL CORPORATION

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT
B0785-1642\2267705v1.doc

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 22, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Philip S. Gutierrez in Courtroom 6A of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, Defendant City of Beverly Hills (the "City"), will and hereby does move to dismiss the First Amended Complaint for Damages, Declaratory, and Injunctive Relief ("First Amended Complaint") filed by Plaintiffs Apartment Association of Greater Los Angeles, in its representative capacity on behalf of its association members, and Orit Blau (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6).

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 11, 2019.  Attempts to hold the conference of counsel were initiated on February 10, 2019.  On that date, counsel for the City sent an e-mail to Plaintiffs' counsel attempting to meet and confer on the City's potential motion to dismiss.  In addition, on February 11, 2019, counsel for the City e-mailed and called Plaintiffs' counsel attempting to meet and confer.  After coordinating with Plaintiffs' counsel on February 11, 2019, the parties conducted a telephonic conference of counsel on February 11, 2019 during which the substance of the City's contemplated motion and possible resolutions were thoroughly discussed.  Despite the parties' conference of counsel, the parties were unable to reach a resolution that eliminates the necessity of a hearing on the City's motion. See, Declaration of Stephen D. Lee, filed concurrently.

The First Amended Complaint (Document #19) fails to state claims upon which relief can be granted and should be dismissed for the following reasons:

    1.    The first claim for relief brought under 42 U.S.C. § 1983 alleging

            violation of Fourth Amendment Rights – Unlawful Search fails to state

1    a claim upon which relief can be granted;

2    2.   The first claim for relief brought under 42 U.S.C. § 1983 alleging

3         violation of Fourth Amendment Rights – Unlawful Seizure fails to state

4         a claim upon which relief can be granted;

5    3.   The first claim for relief brought under 42 U.S.C. § 1983 alleging

6         violation of Fourteenth Amendment Rights – Violation of Procedural

7         Due Process fails to state a claim upon which relief can be granted;

8    4.   The first claim for relief brought under 42 U.S.C. § 1983 alleging

9         violation of Fourteenth Amendment Rights – Violation of Substantive

10        Due Process fails to state a claim upon which relief can be granted;

11   5.   The first claim for relief brought under 42 U.S.C. § 1983 alleging

12        violation of Fourth Amendment Rights – Unconstitutional Condition

13        and Restriction on Licensing fails to state a claim upon which relief can

14        be granted;

15   6.   The first claim for relief brought under 42 U.S.C. § 1983 alleging

16        violation of Fourteenth Amendment Rights – Equal Protection fails to

17        state a claim upon which relief can be granted;

18   7.   The first claim for relief brought under the California Constitution

19        alleging violation of Plaintiffs' privacy rights fails to state a claim upon

20        which relief can be granted; and

21   8.   The second claim for relief brought under 28 U.S.C. Section 1331

22        alleging violation of the Fifth Amendment and Fourteenth Amendment

23        through a facial and as-applied taking of property without due process

24        of law and without just compensation fails to state a claim upon which

25        relief can be granted.

26   This motion is based upon this Notice of Motion, the attached Memorandum

27   of Points and Authorities, the City's Request for Judicial Notice filed concurrently,

28   the Declaration of Stephen D. Lee filed concurrently, the pleadings and papers on file

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    with the Court, and such further argument or evidence as may be presented to this

2    Court.

3

4    Dated:  February 19, 2019          RICHARDS, WATSON & GERSHON

5                             A Professional Corporation
                         GREGORY M. KUNERT

6                          STEPHEN D. LEE

7

8                By: _____ /S/ _____

9                    STEPHEN D. LEE
                   Attorneys for Defendant
                   CITY OF BEVERLY HILLS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

In response to rapidly increasing rents that were displacing residents and the need to improve the effectiveness of prior rent control regulations, Defendant City of Beverly Hills (the "City") adopted Urgency Ordinance Nos. 17-O-2725 and 17-O-2728 (the "Ordinance"), amending the City's Rent Stabilization Ordinance.  Among other things, the Ordinance reduces the maximum amount that most landlords could annually increase rents from 10% to 3%.  At issue here, the Ordinance requires that landlords register rental units with the City to ensure that permissible rents are being charged under the City's Rent Stabilization Ordinance.  The Ordinance also requires a landlord who is evicting a tenant without just cause to pay relocation fees to the tenant.  The Ordinance's rental registration requirement ensures that City residents are not being charged excessive rents or subjected to illegal rent increases, furthering the City's legitimate interests in preserving affordable housing and protecting tenants from draconian rent increases and policies.  Likewise, the Ordinance's relocation fee requirement ensures that tenants who are evicted without just cause are adequately compensated and promotes the City's legitimate interests in protecting tenants from arbitrary evictions because landlords can dramatically increase rents after a vacancy and therefore have an incentive to evict existing tenants who are renting a lower rates.

Under the guise of a constitutional challenge, Plaintiffs Apartment Association of Greater Los Angeles and Orit Blau ("Plaintiffs") oppose the City's efforts to promote affordable housing and ensure the proper administration of rent control by attacking the Ordinance's registration requirements.  As demonstrated more fully below, Plaintiffs have not alleged and cannot allege a valid constitutional claim.  Notwithstanding that Plaintiffs fail to even allege the essential facts and elements for such claims, the Ordinance and the mere requirement to register rental units do not rise to the level of any constitutional violation.

1    Specifically, Plaintiffs have not alleged and cannot allege a valid Fourth

2 Amendment search and seizure claim because Plaintiffs do not have a reasonable

3 expectation of privacy in the rental registration information sought by the Ordinance.

4 Indeed, the Ordinance merely imposes a general requirement that landlords register

5 their rental units -- not, as Plaintiffs incorrectly presume, a requirement that

6 confidential or sensitive information be disclosed.  Moreover, Plaintiffs cannot allege

7 a valid Fourth Amendment claim because the Ordinance does not violate any of

8 Plaintiffs' protected privacy rights; nothing in the Ordinance requires the public

9 disclosure of protected or confidential information.

10    Likewise, Plaintiffs have not alleged a valid equal protection claim.  Plaintiffs

11 are not members of a protected class because the Fourteenth Amendment does not

12 recognize landlords as a protected class.  The requirements of the Ordinance are

13 rationally related to legitimate state interests in promoting public welfare and

14 affordable housing by ensuring the proper administration of rent control and the

15 City's Rent Stabilization Ordinance.  Finally, Plaintiffs have not been treated

16 differently than those similarly situated to Plaintiffs because contrary to Plaintiffs'

17 incorrect allegations otherwise, hotels and motels are not similarly situated to

18 apartment landlords as these ventures are subject to different standards, conditions,

19 and regulations.

20    Plaintiffs also have not validly alleged substantive or procedural due process

21 claims because the City's actions are not clearly arbitrary and unreasonable.  Instead,

22 the City's urgency findings in enacting the Ordinance confirm that the Ordinance

23 was adopted to protect residents from illegal and drastic rent increases that would

24 displace residents where there already is a shortage in affordable housing.  Plaintiffs

25 cannot allege a valid substantive due process claim because neither the Ordinance's

26 requirements nor the City pursuit of public peace, health, and safety in enacting the

27 Ordinance shocks the conscience or offends the community's sense of fair play and

28 decency.  Plaintiffs also have not alleged a valid procedural due process claim

because the First Amended Complaint does not allege a constitutionally protected property interest and does not allege a deprivation of that property interest without due process.  Nor can it -- Plaintiffs do not have a constitutionally protected property interest to be exempt from registering their rental units and providing information that is already regularly requested and provided in other real estate contexts.

Because Plaintiffs have failed to adequately allege a violation of Plaintiffs' Fourth Amendment rights, Plaintiffs cannot allege a valid unconstitutional conditions claim because there is no valid Fourth Amendment right that the City has forced Plaintiffs to waive.

Finally, Plaintiffs have not alleged and cannot allege a valid facial or as-applied takings claim.  The Ordinance neither constitutes a permanent, physical invasion of Plaintiffs' property nor does the Ordinance deprive Plaintiffs of all economically viable use of their properties; thus, Plaintiffs cannot state a facial taking claim.  Plaintiffs also cannot state an as-applied takings claim because such a claim is not ripe and because Plaintiffs do not meet any of the factors under *Penn Central* for an as-applied takings claim.

Accordingly, the City respectfully requests that the Court grant the City's motion to dismiss the First Amended Complaint in its entirety.

## II.   STATEMENT OF FACTS

On January 24, 2017, the City Council adopted Urgency Ordinance No. 17-O-2725, requiring, *inter alia*, that landlords annually register tenancies:

> "H.    Registration of Tenancy
>
> Landlords shall be required to annually fill out a form similar to the Los Angeles Registry, as modified by the City. The form shall be returned to the City within 30 days after the landlord has received the form from the City."

Request for Judicial Notice ("RJN") at Exhibit 1.  Urgency Ordinance No. 17-O-2725 also required landlords to pay relocation fees to tenants who are evicted without just cause.  RJN at Exhibit 1 (Sections 5 and 6).  Thereafter, on February 21, 2017,

B0785-1642\2267705v1.doc

the City Council adopted Urgency Ordinance No. 17-O-2728, repealing Ordinance No. 17-O-2725 and establishing general registration and reregistration of tenancy requirements:

> "A. Initial Registration: A landlord must register every rental unit that is subject to the provisions of this chapter within thirty (30) days of receipt of notice from the City that registration is required, unless the rental unit is specifically exempt under this chapter. Registration is complete only when all required information has been provided to the City and all outstanding fees and penalties have been paid.
>
> B. After Terminated Exemption: When a rental unit that was exempt from this chapter becomes governed by this chapter for the first time, the landlord must register the unit with the City within thirty (30) days after the exemption ends.
>
> C. Reregistration: When a rental unit is rerented after a vacancy, the landlord must reregister the unit with the City within thirty (30) days after the rerental.
>
> D. Registration Amendment; Landlord Required To Notify City Of Changed Registration Information: A landlord must file a registration amendment with the City within thirty (30) days of a change in a rental unit's ownership or management, or a change in the owner's or manager's contact information."

RJN at Exhibit 2 (Sections 4 and 9).  The Ordinance requires landlords to register rental units prior to filing a rent adjustment application to increase the rent charged. *Id.* at Exhibit 2 (Section 10(A)(1)).  The Ordinance also requires that landlords pay tenants that are evicted without just cause a relocation fee.  *Id.* at Exhibit 2 (Sections 3, 8, and 12). As with any other section of the City's Municipal Code, a violation of the Ordinance's amendments to the City's Municipal Code constitutes a violation to the Municipal Code.  *Id.* at Exhibit 2 (Section 11(E)).

As confirmed in the City's urgency findings, the Ordinance was enacted to protect residents from illegal rent increases.  RJN at Exhibit 2 (Section 12(a)).  The shortage of affordable housing in the City, the dramatic rise in rent levels, and the incentives for landlords to drastically raise rents following a vacancy all factored into the City's decision to enact the safeguards in the Ordinance.  *Id.*

## III.   STANDARD OF REVIEW

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a court may dismiss a

-12-

claim for relief if it fails to state a claim upon which relief can be granted.  Dismissal under Rule 12(b)(6) should be granted when the facts alleged, even when assumed to be true, would not entitle the plaintiff to legal relief.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*").  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Under Rule 12(b)(6), dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)  Likewise, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Assn,* 629 F.3d 992, 998-99 (9th Cir. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the inquiry is confined to the allegations of the complaint, material properly submitted with the complaint, and matters that are proper subjects of judicial notice.  *United States v, Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Baron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  "[A] court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'"  *eCash Techs. Inc. v. Guagliardo,* 127 F.Supp.2d 1069, 1074 (C.D. Cal. 2000) (citations omitted).

Finally, "averments of the complaint which are contrary to the matters judicially noticed may be disregarded on a motion to dismiss without transforming the motion into one for summary judgment." *Oceanic California, Inc. v. City of San Jose*, 497 F.Supp. 962, 967 n.8 (N.D.Cal. 1980).  Matters of public record may be considered, including records of administrative bodies.  *Oceanic California, Inc.*, 497 F. Supp. at 967 n.8; *Janda v. Madera Comm. Hosp.*, 16 F.Supp.2d 1181 (E.D.Cal.

1   1998).

2   **IV.   CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7-3**

3        This motion is made following the conference of counsel pursuant to Local

4   Rule 7-3, which took place on February 11, 2019.  Lee Dec. at ¶ 2.  Attempts to hold

5   the conference of counsel were initiated on February 10, 2019.  *Id.* at ¶ 3.  On that

6   date, counsel for the City sent an e-mail to Plaintiffs' counsel attempting to meet and

7   confer on the City's potential motion to dismiss.  *Id.*  In addition, on February 11,

8   2019, counsel for the City e-mailed and called Plaintiffs' counsel attempting to meet

9   and confer.  *Id.* at ¶ 4.  After coordinating with Plaintiffs' counsel on February 11,

10  2019, the parties conducted a telephonic conference of counsel on February 11, 2019

11  during which the substance of the City's contemplated motion and possible

12  resolutions were thoroughly discussed.  *Id.* at ¶ 5.  Despite the parties' conference of

13  counsel, the parties were unable to reach a resolution that eliminates the necessity of

14  a hearing on the City's motion.  *Id.* at ¶ 6.

15  **V.   ARGUMENTS**

16       As explained below, Plaintiffs' allegations, even when interpreted in the light

17  most favorable to them, fail to state a Section 1983 claim under any circumstances.

18  To state a Section 1983 claim, Plaintiffs must allege two essential elements: "(1) that

19  a right secured by the Constitution or laws of the United States was violated, and (2)

20  that the alleged violation was committed by a person acting under the color of State

21  law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).  However,

22  Plaintiffs' conclusory allegations (First Amended Complaint at ¶¶ 21-22 and 26-27)

23  fall far short of alleging any valid constitutional claims.

24      **A.   Plaintiffs Have Not Alleged and Cannot Allege Valid Fourth**

25           **Amendment Search and Seizure Claims.**

26       Plaintiffs have not alleged and cannot allege a valid search and seizure claim

27  in violation of the Fourth Amendment because (1) Plaintiffs do not have a reasonable

28  expectation of privacy in the rental registration information and (2) assuming,

-14-

1  *arguendo*, Plaintiffs had a reasonable expectation of privacy, the Ordinance does not

2  violate any of Plaintiffs' rights.

3      "The touchstone of Fourth Amendment analysis is whether a person has a

4  'constitutionally protected reasonable expectation of privacy.'" *California v.*

5  *Ciraolo*, 476 U.S. 207, 211 (1986) quoting *Katz v. United States*, 389 U.S. 347, 360

6  (1967). "*Katz* posits a two-part inquiry: first, has the individual manifested a

7  subjective expectation of privacy in the object of the challenged search? Second, is

8  society willing to recognize that expectation as reasonable?" *California v. Ciraolo*,

9  476 U.S. 207, 211 (1986). On the second prong, the inquiry focuses on "whether, in

10  the words of the *Katz* majority, the individual's expectation, viewed objectively, is

11  'justifiable' under the circumstances." *United States v. Knotts*, 460 U.S. 276, 281

12  (1983). "In pursuing this inquiry, we must keep in mind that '(t)he test of legitimacy

13  is not whether the individual chooses to conceal assertedly 'private' activity,' but

14  instead 'whether the government's intrusion infringes upon the personal and societal

15  values protected by the Fourth Amendment.'" *California v. Ciraolo*, 476 U.S. 207,

16  212 (1986).

17      First, Plaintiffs have not alleged and cannot allege a valid search and seizure

18  claim under the Fourth Amendment because Plaintiffs do not have a reasonable

19  expectation of privacy in the generalized registration information sought by the

20  Ordinance. On its face, the Ordinance does not seek or require the disclosure of any

21  information that would be confidential or subject to a reasonable expectation of

22  privacy. RJN at Exhibit 2 (Sections 4 and 9). Instead of even requiring the

23  disclosure of any specific information, much less confidential information, the

24  Ordinance merely imposes the general requirement that Plaintiffs provide rent

25  registration information. *Id.* Such a general requirement to provide rent registry

26  information cannot be equated, as Plaintiffs suggest, to Plaintiffs' exaggerated and

27  distorted concern of disclosing "tenant's sensitive rental information." First

28  Amended Complaint at ¶ 15. Thus, the Ordinance's general requirement to provide

1  information for rental registrations does not implicate any reasonable expectation of
2  privacy held by Plaintiffs.

3        Likewise, Plaintiffs have not alleged a subjective expectation of privacy or that
4  Plaintiffs' subjective expectation is objectively justifiable under the circumstances.
5  Preliminarily, the First Amended Complaint fails to even address these essential
6  factors, leaving Plaintiffs' Fourth Amendment claim fatally deficient.  Moreover,
7  Plaintiffs cannot allege a subjective expectation of privacy or that such an
8  expectation is objectively justifiable because Plaintiffs already provide the same kind
9  of information in other contexts.  Indeed, as the Northern District for California
10  observed, the kind of information that would be required under a rent registry does
11  not arise to a protected expectation of privacy because that information is submitted
12  to the government and made publicly accessible:

13      "[T]he landlord's name and contact information, the property address,
    information about proposed expenditures where applicable, and the
14      current rent for each unit and the proposed increase . . . Landlords must
    disclose similar information when they seek to withdraw residential
15      units from the rental market under the Ellis Act.  [citations]  Similar
    information is required in applications for condominium conversions,
16      including detailed rental history and proposed sale prices. . . .  In short,
    plaintiffs have alleged no facts showing that landlords have a legally
17      protected privacy interest or a reasonable expectation of privacy in the
    certification [information]."
18

19  *San Francisco Apartment Ass'n v. City & Cty. of San Francisco*, 142 F. Supp. 3d
20  910, 934 (N.D. Cal. 2015); see *Katz v. United States*, 389 U.S. 347, 351 (1967)
21  ("What a person knowingly exposes to the public, even in his own home or office, is
22  not a subject of Fourth Amendment protection.").

23        Because rent registration information is actually and routinely submitted for a
24  broad range of property transactions, Plaintiffs cannot allege a subjective expectation
25  of privacy in such information.  Likewise, because rent registration information is
26  essential in determining whether proper rent amounts and rent increases are being
27  legally sought and charged in compliance with rent stabilization and rent control
28  ordinances, any subjective expectation of privacy in such information would not be

-16-

1   objectively justifiable to society because such an expectation would defeat the

2   essential requirements and purpose of rent control and rent stabilization ordinances

3   already in force throughout the country.  Indeed, as echoed by the City's urgency

4   findings, society has a justifiable and objective interest in maintaining affordable

5   housing, stemming the tide of dramatically increasing rents, and protecting tenants

6   from predatory landlord practices.  See RJN at Exhibit 2 (Section 12(a)).

7        Furthermore, assuming that Plaintiffs could allege a reasonable expectation of

8   privacy -- which, as demonstrated above, they cannot -- the Ordinance does not

9   violate any of Plaintiffs' reasonable expectations of privacy.  Nothing in the

10  Ordinance indicates that confidential or sensitive information provided in the rent

11  registration process will be disclosed or made public.  Indeed, the City would have

12  no interest in disclosing any private, confidential information in violation of a

13  protected, reasonable expectation of privacy.  Thus, "[i]f the government's conduct

14  does not violate a person's reasonable expectation of privacy, then it does not

15  constitute a Fourth Amendment search."  *Olvera v. City of Modesto*, 38 F. Supp. 3d

16  1162, 1170 (E.D. Cal. 2014).

17       **B.**     **Plaintiffs Have Not Alleged and Cannot Allege a Valid Claim for**

18              **Violation of Privacy Under the California Constitution.**

19       Plaintiffs fail to allege a privacy claim under the California Constitution

20  because Plaintiffs have not alleged and cannot allege a legally protected privacy

21  interest in the rent registration information, a reasonable expectation of privacy, or a

22  serious invasion of privacy by the City.

23       A privacy claim under the California Constitution must satisfy three criteria:

24       "To state a claim for violation of the right to privacy under the
         California Constitution, a plaintiff must allege facts sufficient to show a
25       legally protected privacy interest, consisting of either 'informational
         privacy' (an interest which precludes the dissemination or misuse of
26       sensitive and confidential information) . . . ; a reasonable expectation of
         privacy under the circumstances; and conduct by the defendant
27       constituting a 'serious invasion' of privacy such as constitutes 'an
         egregious breach of the social norms underlying the privacy right.'"

28

1  *San Francisco Apartment Ass'n v. City & Cty. of San Francisco*, 142 F. Supp. 3d

2  910, 933 (N.D. Cal. 2015).

3        Here, Plaintiffs have not alleged and cannot allege any of the elements for a

4  privacy claim under the California Constitution.  First, as confirmed above, Plaintiffs

5  do not have a reasonable expectation of privacy under the circumstances or a

6  protected privacy interest -- rental registration information is routinely sought and

7  provided in a broad range of real estate transactions and contexts.  Indeed, such

8  information is neither confidential nor sensitive to warrant a reasonable expectation

9  of privacy or a protected privacy interest, and Plaintiffs cannot allege otherwise,

10 because the entire purpose and mechanics of rent stabilization and rent control

11 depend upon providing the government with rental registration information.  Second,

12 Plaintiffs do not have a protected privacy interest and the City has not invaded any

13 protected privacy interest because nothing in the Ordinance calls for the City's

14 disclosure of any private information provided during the rent registration process.

15 The Ordinance's general requirement that Plaintiffs provide rental registration

16 information falls well short of any "serious invasion" or "egregious breach of social

17 norms" required for a privacy claim under the California Constitution.

18     C.    **Plaintiffs Cannot Allege a Valid Claim for Violation of Equal**

19           **Protection Under the Fourteenth Amendment.**

20         1.    **Plaintiffs Are Not Members of a Protected Class and the**

21               **Ordinance Is Rationally Related Legitimate State Interests.**

22       Plaintiffs fail to state a valid claim for equal protection under the Fourteenth

23 Amendment because Plaintiffs have not alleged and cannot allege any membership in

24 a protected class or any intention on the part of the City to discriminate based upon

25 membership in a protected class.

26       "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal

27 Protection Clause of the Fourteenth Amendment a plaintiff must show that the

28 defendants acted with an intent or purpose to discriminate against the plaintiff based

-18-

1   upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668,

2   686 (9th Cir. 2001).

3        Plaintiffs have not alleged a valid equal protection claim because the First

4   Amended Complaint fails to allege that Plaintiffs are members of a protected class.

5   Indeed, it would be impossible for the Apartment Association of Greater Los

6   Angeles to allege any membership in a protected class because a business entity is

7   not a protected class.  Indeed, the Ninth Circuit already has determined that landlords

8   are not a protected class: "Landlords are also not a protected class." *San Francisco*

9   *Apartment Ass'n v. City & Cty. of San Francisco*, 881 F.3d 1169, 1179 (9th Cir.

10  2018).  Finally, Plaintiffs have not alleged and cannot allege that the City intended to

11  discriminate against Plaintiffs based on any membership in a protected class.  As

12  confirmed in the City's urgency findings, the City did not act with any

13  discriminatory intent; instead, the Ordinance was enacted to protect residents from

14  illegal rent increases.  RJN at Exhibit 2 (Section 12(a)).  The shortage of affordable

15  housing in the City, the dramatic rise in rent levels, and the incentives for landlords

16  to drastically raise rents following a vacancy all factored into the City's decision to

17  enact the safeguards in the Ordinance.  *Id.*

18       Plaintiffs also cannot allege a valid equal protection claim because the

19  Ordinance's requirements are rationally related to legitimate state interests.  Because

20  Plaintiffs are not members of a protected class, the Ordinance is reviewed under the

21  rational basis standard: "Landlords are also not a protected class.  Therefore, we

22  review Appellants' claim that the Ordinance violates their right to equal protection

23  under the rational basis standard." *San Francisco Apartment Ass'n v. City & Cty. of*

24  *San Francisco*, 881 F.3d 1169, 1179 (9th Cir. 2018).  Under the rational basis

25  standard, "[t]he general rule is that legislation is presumed to be valid and will be

26  sustained if the classification drawn by the statute is rationally related to a legitimate

27  state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

28  Here, the Ordinance is rationally related to legitimate state interests of promoting

1  consumer welfare and increasing affordable housing.  See *Equity Lifestyle*

2  *Properties, Inc. v. Cty. of San Luis Obispo*, 548 F.3d 1184, 1194-1195 (9th Cir.

3  2008) (rent control ordinance rationally related to legitimate state interests).  By

4  reducing maximum rent increases from 10% to 3%, the Ordinance increases the

5  availability of affordable housing and counteracts escalating rents.  RJN at Exhibit 2

6  (Section 12(a)-(b)).  In addition, by requiring rental registration, the Ordinance

7  increases the reliability of rent control and the City's Rent Stabilization Ordinance,

8  promoting public and consumer welfare by ensuring that landlords are seeking and

9  charging legally permissible rents from their tenants.  *Id.*  Thus, Plaintiffs have not

10  alleged and cannot allege a valid equal protection claim because the Ordinance is

11  rationally related to legitimate state interests.

12            **2.    Plaintiffs Cannot Allege a Valid Equal Protection Class-Of-**

13                   **One Claim Because Plaintiffs Have Not Been Treated**

14                   **Differently From Those Who Are Similarly Situated.**

15            To the extent Plaintiffs attempt to allege a class-of-one equal protection claim,

16  Plaintiffs have not alleged a valid claim.

17            In order "[t]o claim a violation of equal protection in a class of one case, the

18  plaintiff must establish that the [defendant] intentionally, and without rational basis,

19  treated the plaintiff differently from others similarly situated."  *Stamas v. Cty. of*

20  *Madera*, 795 F. Supp. 2d 1047, 1078 (E.D. Cal. 2011).  Significantly, groups and

21  individuals are not similarly situated if they are subject to different regulations.  See

22  *Villapando v. CDCR*, No. 1:14CV00823 LJO DLB, 2014 WL 3729551, at *3 (E.D.

23  Cal. July 25, 2014) ("inmates are not similarly situated where they were subject to

24  different regulations"); see also *Nat'l Ass'n of Optometrists & Opticians*

25  *LensCrafters, Inc. v. Brown*, 567 F.3d 521, 527 (9th Cir. 2009) (in Commerce Clause

26  context, "competing in different markets or offering different products generally

27  means that entities are not similarly situated").

28            Here, Plaintiffs fail to allege a valid, class-of-one equal protection claim

-20-

because Plaintiffs -- apartment landlords -- are not similarly situated with hotels and motels as Plaintiffs incorrectly allege (First Amended Complaint at ¶ 22). Plaintiffs are not similarly situated with hotels and motels because they are fundamentally different ventures, operating under different zoning requirements and different regulations. For example, hotels and motels are characterized by their short-term occupancy, providing lodging for persons for less than 30-days under the City's Municipal Code. See RJN at Exhibit 3 (Municipal Code section 3-1-205 ["HOTEL, MOTEL OR ROOMING HOUSE: Any building or portion thereof designed or used for lodging persons for a period of less than thirty (30) consecutive days"]). In contrast, apartments are rented or leased as the home or residence of 3 or more families, contemplating a longer and fundamentally different occupancy. *Id.* (Municipal Code Section 3-1-205 ["APARTMENT HOUSE: A building, or portion of a building, which is designed, built, rented, leased, let, or hired out to be occupied, or which is occupied, as the home or residence of three (3) or more families"]). Furthermore, Plaintiffs are not similarly situated with hotels and motels because they are zoned differently. Apartments, such as those owned by Plaintiffs, can be operated in R-4 multi-family residential zones whereas hotels and motels are commercialized ventures that are generally not permitted to be located and operated in R-4 multi-family residential zones. See RJN at Exhibits 4-6 (Municipal Code sections 10-3-100, 10-3-1206 and 10-3-1209). Finally, Plaintiffs are not similarly situated to hotels and motels because hotels and motels are subject to different regulations and requirements: for example, the City's Municipal Code requires a registration certificate for hotels (Municipal Code section 3-1-306); imposes transient occupancy taxes and different reporting requirements and standards for demonstrating compliance with those taxes (Municipal Code section 3-1-307 and 3-1-308); and restricts hotels to commercial zones (Municipal Code section 10-3-1604). See RJN at Exhibits 7-10. The foregoing regulations, however, do not apply to apartments and their owners, including Plaintiffs.

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

Like *Villapando*, where the Eastern District determined inmates were not similarly situated because they were subject to different regulations, Plaintiffs are not similarly situated with hotels and motels because hotels and motels are subjected to vastly different regulations than Plaintiffs.  Thus, because Plaintiffs are not similarly situated with hotels and motels, Plaintiffs cannot allege a valid equal protection claim on the basis that the Ordinance requires registration of Plaintiffs but not hotels and motels.

D.   **Plaintiffs Have Not Alleged and Cannot Allege Viable Due Process Claims.**

1.   **Plaintiffs Fail to Allege a Valid Substantive Due Process Claim Under the Fourteenth Amendment.**

Plaintiffs fail to allege a valid substantive due process claim because, as the First Amended Complaint and the RJN documents confirm, the City did not act arbitrarily or without any rational basis for enacting the Ordinance.  The City's urgency findings in enacting the Ordinance confirm that the City Council did not act arbitrarily because the City determined that there is a current and immediate threat to public peace, health, and safety.

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). "To establish a violation of their right to substantive due process, [Plaintiffs] must prove that [Defendant's] actions were 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *Dodd v. Hood River Cty.*, 59 F.3d 852, 864 (9th Cir. 1995)  ("*Dodd*").  Moreover, "[t]o constitute a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency.'" *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013).

Here, Plaintiffs have not alleged and cannot allege a valid substantive due

-22-

1   process claim because the City's actions are not clearly arbitrary and unreasonable.

2   Instead, the City's urgency findings in enacting the Ordinance confirm that the

3   Ordinance was enacted to protect residents from illegal and drastic rent increases that

4   would displace residents where there already is a shortage in affordable housing.

5   RJN at Exhibit 2 (Section 12(a)).  Likewise, the City's findings confirm that the City

6   did not act arbitrarily or unreasonably in enacting the Ordinance because the City

7   weighed several factors, including the shortage of affordable housing in the City, the

8   dramatic rise in rent levels, and the incentives for landlords to drastically raise rents

9   following a vacancy.  *Id.*  All of these factors support and form the bases for the

10  City's decision to enact the safeguards in the Ordinance.  *Id.*  Indeed, requiring

11  landlords to register rental units and the information from those registrations are

12  essential in determining whether proper rent amounts and rent increases are being

13  legally sought and charged in compliance with rent stabilization and rent control

14  ordinances.  Likewise, the Ordinance's relocation fee requirement ensures that

15  tenants who are evicted without just cause are adequately compensated and promotes

16  the City's legitimate interests in protecting tenants from arbitrary evictions because

17  landlords can dramatically increase rents after a vacancy and therefore have an

18  incentive to evict existing tenants who are renting a lower rates.  Finally, the City's

19  enactment of the Ordinance has a substantial relation to public health, safety, morals,

20  and general welfare.  The City's urgency findings confirm that the City adopted the

21  Ordinance in light of a current and immediate threat to public peace, health, and

22  safety.  *Id.* at Exhibit 2 (Section 12(b)).  As the Ninth Circuit previously decided, the

23  foregoing motivations in a rent control ordinance form a sufficient basis to defeat a

24  Substantive Due Process Claim:

25          "The stated purposes of the ordinance were to alleviate hardship created
            by rapidly escalating rents . . . to equalize the bargaining position of
26          park owners and tenants; and to protect residents from unconscionable
            and coercive changes in rental rates.  These purposes are similar to those
27          advanced in support of other rent control ordinances; the Supreme Court
            has held that these goals are legitimate. See *Pennell v. City of San Jose*,
28          485 U.S. 1, 13–14, 108 S.Ct. 849, 858, 99 L.Ed.2d 1 (1988)."

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT
B0785-1642\2267705v1.doc

1  *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 690 (9th Cir. 1993) (upholding

2  dismissal of substantive due process claim).

3        Plaintiffs also cannot allege a valid substantive due process claim because the

4  City's conduct in enacting the Ordinance does not shock the conscience or offend the

5  community's sense of fair play and decency.  The City had a valid basis and

6  legitimate reasons for enacting the Ordinance due to increasingly high rents, the

7  dearth of affordable housing, and the incentives for landlords to evict tenants so that

8  higher rents may be charged.  Furthermore, the City adopted the Ordinance to

9  preserve public peace, safety, and health.  Thus, Plaintiffs cannot allege, as they are

10 required to, that the City had no legitimate reasons for its actions or that the City's

11 conduct shocks the conscience and offends the community's sense of fair play and

12 decency.

13            **2.    Plaintiffs Fail to Allege a Valid Procedural Due Process Claim**

14                   **Under the Fourteenth Amendment.**

15        Plaintiffs have not alleged a valid procedural due process claim because the

16 First Amended Complaint does not allege a constitutionally protected property

17 interest and does not allege a deprivation of that property interest without due

18 process.

19        To state a cognizable §1983 procedural due process claim, a plaintiff must

20 allege existence of a constitutionally protected property interest, and deprivation of

21 that interest by the government without due process.  *Bd. of Regents v. Roth*, 408

22 U.S. 564, 569-70 (1972).  The courts strictly limit the nature of property rights

23 protected by the due process clause.  *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986,

24 1001 (1984) (property interests are not created by the constitution; rather, they are

25 created and their dimensions are defined by existing independent sources such as

26 state law).  "A protected property interest is present where an individual has a

27 reasonable expectation of entitlement deriving from 'existing rules or understandings

28 that stem from an independent source such as state law.' . . . 'A reasonable

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2267705v1.doc

expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).  If, *arguendo*, a protected property interest were at stake, a property owner is entitled to notice and a fair hearing.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Here, Plaintiffs have not met the threshold elements for alleging a valid procedural due process claim.  The First Amended Complaint does not specify what, if any, constitutionally protected property interest of which the City deprived Plaintiffs.  Likewise, the First Amended Complaint does not allege that any deprivation was done without due process, notice, and a fair hearing.  In fact, Plaintiffs cannot validly allege these threshold allegations because, as demonstrated above, Plaintiffs do not have a constitutionally protected property interest to be exempt from the rental unit registration requirements in the Ordinance or rent control.  Indeed, there is no constitutionally protected property interest in the rental registration information because that information already is regularly requested and provided in other real estate transactions and contexts.  Furthermore, Plaintiffs cannot allege a violation of any protected property interest because the Ordinance does not seek or require the City to disclose confidential or sensitive information to the public.

Finally, Plaintiffs do not have a constitutionally protected property interest in the rent relocation fees because the Ordinance does not establish a reasonable expectation for Plaintiffs' entitlement to those relocation fees when Plaintiffs evict a tenant without just cause.  "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.' . . . 'A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir.

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  1994).  Here, no statute and no part of the Ordinance establish Plaintiffs' entitlement,

2  in mandatory terms, to relocation fees when Plaintiffs evict a tenant without just

3  cause.

4      E.  **Plaintiffs Cannot Allege and Have Not Alleged A Valid Fourth**

5          **Amendment Unconstitutional Condition Claim.**

6      Plaintiffs have not alleged and cannot allege a valid claim for unconstitutional

7  condition because Plaintiffs have not alleged a threshold violation of Plaintiffs'

8  Fourth Amendment rights.

9      "[T]he unconstitutional conditions doctrine 'limits the government's ability to

10  exact waivers of rights as a condition of benefits.'"  *Hotop v. City of San Jose*, No.

11  18-CV-02024-LHK, 2018 WL 4850405, at *7 (N.D. Cal. Oct. 4, 2018) quoting

12  *United States v. Scott*, 450 F.3d 863, 866 (9th Cir. 2006).  Significantly, the Northern

13  District Court for California found the failure to allege a valid Fourth Amendment

14  claim is fatal to an unconstitutional conditions claim:

15      "As explained above, Plaintiffs have not adequately alleged that the
        Ordinance's disclosure requirements violate Plaintiffs' Fourth
16      Amendment rights.  Absent a Fourth Amendment right that Plaintiffs
        are forced to waive, Plaintiffs cannot state an unconstitutional
17      conditions claim. . . .  Thus, Plaintiffs' Fourth Amendment
        unconstitutional conditions claim must be dismissed."

18

19  *Id.* at *7.

20      Here, because Plaintiffs have failed to adequately allege a violation of

21  Plaintiffs' Fourth Amendment rights, Plaintiffs cannot allege a valid unconstitutional

22  conditions claim because there is no valid Fourth Amendment right that the City has

23  forced Plaintiffs to waive.

24      F.  **Plaintiffs Cannot Allege and Have Not Alleged A Valid Fifth and**

25          **Fourteenth Amendment Takings Claim.**

26          1.  **Plaintiffs Have Not Alleged and Cannot Allege a Valid Facial**

27              **Taking Claim.**

28      Plaintiffs have not alleged and cannot allege a valid claim for a facial taking

-26-

1   because such a claim is jurisdictionally barred.

2        "The Takings Clause is applicable to the states through the Fourteenth

3   Amendment." *Garneau v. City of Seattle*, 147 F.3d 802, 821 (9th Cir. 1998).  "'A

4   facial challenge involves a claim that the mere enactment of a statute constitutes a

5   taking," and is to be distinguished from an "as applied" challenge, which "involves a

6   claim that the particular impact of a government action on a specific piece of

7   property requires the payment of just compensation.'"  *Hotel & Motel Ass'n of*

8   *Oakland v. City of Oakland*, 344 F.3d 959, 965 (9th Cir. 2003) quoting *Levald, Inc.*

9   *v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir.1993) (citation and internal

10  quotation marks omitted).

11       "Under our precedents, a facial takings claim alleging the denial of the

12  economically viable use of one's property is unripe until the owner has sought, and

13  been denied, just compensation by the state."  *San Remo Hotel v. City and County of*

14  *San Francisco*, 145 F.3d 1095, 1101 (9th Cir.1998); *Hotel & Motel Ass'n of Oakland*

15  *v. City of Oakland*, 344 F.3d 959, 965–66 (9th Cir. 2003).  "This jurisdictional

16  predicate is grounded in the text of the Fifth Amendment and in the Supreme Court's

17  admonition that 'no constitutional violation occurs until just compensation has been

18  denied.'"  *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 965–66

19  (9th Cir. 2003).

20       Here, Plaintiffs have not alleged a valid facial takings claim because such a

21  claim is not ripe and is jurisdictionally precluded.  As demonstrated above, the Ninth

22  Circuit requires that a property owner seek, and be denied, just compensation for a

23  facial takings claim.  Plaintiffs, however, do not allege that they sought and were

24  denied just compensation.  Thus, Plaintiffs have not alleged and cannot allege a valid

25  facial takings claim.

26       Furthermore, Plaintiffs have not alleged and cannot allege a valid facial

27  takings claim because there has been no permanent physical invasion of Plaintiffs'

28  property and Plaintiffs have not been deprived of all economically beneficial use of

1 their Property.

2      The U.S. Supreme Court identified two categories of facial takings:

3 "Our precedents stake out two categories of regulatory action that
   generally will be deemed *per se* takings for Fifth Amendment purposes.

4 First, where government requires an owner to suffer a permanent
   physical invasion of her property-however minor-it must provide just

5 compensation. . . . A second categorical rule applies to regulations that
   completely deprive an owner of '*all* economically beneficial us(e)' of

6 her property."

7 *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (emphasis in original).

8 Significantly, the Ninth Circuit and U.S. Supreme Court have noted "that facial

9 takings challenges 'face an uphill battle since it is difficult to demonstrate that mere

10 enactment of a piece of legislation deprived the owner of economically viable use of

11 his property.'" *Garneau v. City of Seattle*, 147 F.3d 802, 807 (9th Cir. 1998) quoting

12 *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 397 (1926).

13      Here, Plaintiffs cannot allege a valid facial takings claim because there has

14 been no permanent physical invasion of Plaintiffs' property and Plaintiffs have not

15 been deprived of all economically beneficial use of their Property.  Requiring the

16 registration of rental units and requiring the payment of relocation fees in limited

17 circumstances do not constitute a permanent, physical invasion of Plaintiffs'

18 properties.  Likewise, the Ordinance's rental registration and relocation fee

19 requirements do not deprive Plaintiffs of all economically beneficial use of Plaintiffs

20 property because the Ordinance still allows Plaintiffs to make the most economically

21 viable and valuable use of their properties as rentals.  Thus, Plaintiffs have not

22 alleged and cannot allege a valid facial takings claim.

23        **2.**    **Plaintiffs Have Not Alleged and Cannot Allege a Valid As-**

24            **Applied Takings Claim.**

25      Plaintiffs have not alleged and cannot allege a valid as-applied takings claim

26 because such a claim is not ripe for adjudication under the *Williamson* ripeness

27 prongs.

28      "An as applied takings claim must satisfy both prongs of the test set out
   in *Williamson*.  First, a plaintiff must demonstrate that 'the government

1
2
3

entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'  Second, the plaintiff must have sought, and been denied, 'compensation through the procedures the State has provided for doing so.'"

4   *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 958 (9th Cir. 2011)

5   citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*,

6   473 U.S. 172, 186 and 194 (1985).  "In California, that requires a plaintiff bringing

7   an as-applied regulatory takings claim based on land-use conditions to file a petition

8   for a writ of mandamus in state court to determine whether the conditions are

9   permissible, which gives the municipality the opportunity to withdraw those

10  conditions if found to be invalid to avoid compensating the plaintiff."  *Paramount*

11  *Contractors & Developers, Inc. v. City of Los Angeles*, 805 F. Supp. 2d 977, 1004

12  (C.D. Cal. 2011).

13         Here, Plaintiffs fail to allege that the City reached a final decision regarding

14  the application of the Ordinance to Plaintiffs' properties.  Specifically, Plaintiffs do

15  not allege that the City made a decision on the the crux of Plaintiffs' taking claim --

16  that a relocation fee must be paid.  In fact, no decision has been made yet because

17  Plaintiffs do not allege that they evicted a tenant without just cause and were

18  required to pay a relocation fee.  Likewise, Plaintiffs' as-applied takings claim is not

19  ripe for adjudication because Plaintiffs have not alleged, as they are required to, that

20  they sought and have been denied compensation through state procedures for seeking

21  compensation.  Here, as this is fundamentally a challenge to the ministerial

22  implementation of the City's Ordinance -- whether Plaintiffs should be required to

23  pay a relocation fee -- Plaintiffs should have sought a writ of traditional mandate

24  under California Code of Civil Procedure § 1085.  Tellingly, though, Plaintiffs do not

25  allege that they have satisfied either of the *Williamson* ripeness prongs.

26         Plaintiffs also have not alleged and cannot allege a valid as-applied takings

27  claim because Plaintiffs have not alleged and do not meet the *Penn Central* factors

28  for such a claim.

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT
B0785-1642\2267705v1.doc

1   "[U]nder *Penn Central* ... a regulatory taking may occur—and just

2   compensation is required—when 'regulatory actions (occur) that are functionally

3   equivalent to the classic taking in which government directly appropriates private

4   property or ousts the owner' with the inquiry 'focus[ing] directly upon the severity of

5   the burden that government imposes upon private property rights.'" *Rancho de*

6   *Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th Cir. 2015).  The three

7   primary *Penn Central* factors used in evaluating an as-applied takings claim include:

8      "Chief among the factors to be considered are '(t)he economic impact of
       the regulation on the claimant and, particularly, the extent to which the
9      regulation has interfered with distinct investment-backed expectations'
       and 'the character of the governmental action—for instance whether it
10     amounts to a physical invasion or instead merely affects property
       interests through some public program adjusting the benefits and
11     burdens of economic life to promote the common good.'"

12  *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th Cir. 2015) citing

13  *Lingle,* 544 U.S. at 538–39

14      First, the character of the governmental action does not establish an as-applied

15  taking because the Ordinance does not amount to a physical invasion of Plaintiffs'

16  property.  Instead, the City's Ordinance, which regulates rent control and protects

17  tenants from unlawful rent increases and evictions, is precisely the kind of

18  governmental action that merely affects property interests through a public program

19  adjusting the benefits and burdens of economic life to promote the common good:

20  "*Penn Central* instructs that '(a) 'taking' may more readily be found when the

21  interference with property can be characterized as a physical invasion by government

22  than when interference arises from some public program adjusting the benefits and

23  burdens of economic life to promote the common good.' . . .  The City's rent control

24  ordinance is precisely such a program, striving to 'protect Homeowners from

25  excessive rent increases and allow a fair return on investment to the Park Owner.'

26  This central purpose of rent control programs 'counsels against finding a *Penn*

27  *Central* taking." *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 454

28  (9th Cir. 2018).  Similarly, the City's urgency findings in enacting the Ordinance

-30-

1  confirm that the Ordinance was enacted to protect residents from illegal and drastic

2  rent increases that would displace residents where there already is a shortage in

3  affordable housing and an incentive for landlords to evict tenants to drastically raise

4  rents.  Consequently, the Ordinance adjusts the benefits and burdens of economic life

5  -- rent registration and relocation fee payments -- to promote the common good as

6  identified by the City: public peace, health, safety, and affordable housing.

7       Second, Plaintiffs cannot allege a valid as-applied taking under the economic

8  impact factor because the Ninth Circuit already has determined that the economic

9  impact of rent control on property owners is an inevitable and constitutional

10  framework:

11       "The economic impact factor favors the City because Supreme Court
    cases 'have long established that mere diminution in the value of

12       property, however serious, is insufficient to demonstrate a taking.'
    *Concrete Pipe & Products of California, Inc. v. Constr. Laborers*

13       *Pension Trust for S. California,* 508 U.S. 602, 645 (1993)
    (citing *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 384, 47

14       S.Ct. 114, 71 L.Ed. 303 (1926) (approximately 75% diminution in
    value); *Hadacheck v. Sebastian,* 239 U.S. 394, 405, 36 S.Ct. 143, 60

15       L.Ed. 348 (1915) (92.5% diminution)); *see also MHC,* 714 F.3d at
    1127–28 (81% diminution).  Rancho claims diminution in market value

16       (from $16,580,000 to $11,850,000 under rent control, or 28.53%), as
    well as lost income. This economic impact is an inevitable consequence

17       of the rent-control scheme but not an unconstitutional one."

18  *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th Cir.

19  2015).  Here, the economic impact of relocation payments is negligible as they would

20  apply only in very limited circumstances when a tenant is evicted without just cause.

21  Likewise, even if a relocation payment were due, the Ninth Circuit already has

22  confirmed that the mere diminution in the value of Plaintiffs' property due to the

23  application of a rent control ordinance, like the City's, does not arise to the level of a

24  constitutional violation.  Simply put, the Supreme Court "'has consistently affirmed

25  that States have broad power to regulate housing conditions in general and the

26  landlord-tenant relationship in particular without paying compensation for all

27  economic injuries that such regulation entails.'"  *Rancho de Calistoga v. City of*

28  *Calistoga*, 800 F.3d 1083, 1090 (9th Cir. 2015) quoting *Yee v. City of*

-31-

*Escondido,* 503 U.S. 519, 528–29 (1992).  Thus, the economic impact of the Ordinance is minimal and does not arise to the level of an as-applied takings claim.

Third, Plaintiffs have not alleged and cannot allege a valid as-applied takings claim because Plaintiffs' reasonable, investment-backed expectations does not include being free from government regulation, including rent control.  Indeed, the Ninth Circuit already has considered this argument and found that property owners do not have an investment-backed expectation to be free from rent control and that this factor favors the City: "We pay particular attention to Rancho's distinct investment-backed expectations.  This principle 'implies reasonable probability, like expecting rent to be paid, not starry eyed hope of winning the jackpot.' . . .  Because Rancho cannot reasonably expect that its property will be continually unencumbered by government regulation, this factor also favors the City." *Rancho de Calistoga v. City of Calistoga,* 800 F.3d 1083, 1090 (9th Cir. 2015).  "Simply put, when buying a piece of property, one cannot reasonably expect that property to be free of government regulation such as zoning, tax assessments, or, as here, rent control." *Id.* at 1091.

Because Plaintiffs have not alleged and cannot allege that they meet any of the *Penn Central* factors, Plaintiffs have not alleged and cannot allege a valid claim for an as-applied taking.

## VI.    CONCLUSION

For all of the foregoing reasons, the City respectfully requests that the Court grant the City's motion to dismiss the First Amended Complaint in its entirety without leave to amend.

1  Dated:  February 19, 2019          RICHARDS, WATSON & GERSHON
2                                       A Professional Corporation
                                      GREGORY M. KUNERT
3                                     STEPHEN D. LEE

4
                                    By: _____/S/_____
5                                       STEPHEN D. LEE
6                                       Attorneys for Defendant
                                      CITY OF BEVERLY HILLS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-
DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT