1  LAURENCE S. WIENER (BAR NO. 130404)
   CITY ATTORNEY
2  CITY OF BEVERLY HILLS

3  RICHARDS, WATSON & GERSHON
    A Professional Corporation
4  GREGORY M. KUNERT (BAR NO. 94058)
   gkunert@rwglaw.com
5  STEPHEN D. LEE (BAR NO. 270821)
   slee@rwglaw.com
6  355 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3101
7  Telephone:  213.626.8484
   Facsimile:  213.626.0078
8
   Attorneys for Defendant
9  CITY OF BEVERLY HILLS

10              **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13 | APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; ORIT BLAU, | Case No. CV18-06840-PSG-E |
|---|---|---|
| 14 | | |
| 15 | | **DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF CITY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 16 | Plaintiffs, | |
| | v. | |
| 17 | CITY OF BEVERLY HILLS, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE, | Assigned for All Purposes To Hon. Philip S. Gutierrez |
| 18 | | |
| 19 | Defendants. | Date:    April 22, 2019<br>Time:    1:30 P.M.<br>Dept:    6A |
| 20 | | |
| 21 | | Action Filed:   August 8, 2018 |
| 22 | | [Exempt from filing fees pursuant to Govt. Code § 6103] |

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

Page

3   I.      INTRODUCTION AND SUMMARY OF ARGUMENT ......................................... 5

4   II.     ARGUMENTS ................................................................................................ 7

5           A.      Plaintiffs Have Not Alleged and Cannot Allege Valid Fourth
                    Amendment Search and Seizure Claims .......................................... 7
6
7                   1.      Plaintiffs' Reliance on City of Los Angeles, Calif. v.
                            Patel Is Misplaced Because the Ordinance Provides for
8                           Pre-Compliance Review ..................................................... 7

9                   2.      Plaintiffs Have Not Alleged and Cannot Allege a Fourth
                            Amendment Claim Under the Common-Law Trespassory
10                          Test ................................................................................ 9

11                  3.      Plaintiffs Do Not Have a Reasonable Expectation of
                            Privacy ........................................................................... 10

12          B.      Plaintiffs Cannot Allege and Have Not Alleged A Valid Fourth
                    Amendment Unconstitutional Condition Claim............................... 14
13
            C.      Plaintiffs Cannot Allege and Have Not Alleged A Valid Fifth
14                  and Fourteenth Amendment Takings Claim ................................... 14

15                  1.      Plaintiffs Have Not Alleged and Cannot Allege a Valid
                            Facial Taking Claim ........................................................ 14
16
17                  2.      Plaintiffs Have Not Alleged and Cannot Allege a Valid
                            As-Applied Takings Claim................................................ 16

18          D.      Plaintiffs Have Not Alleged and Cannot Allege Viable Due
                    Process Claims .............................................................................. 18
19
20                  1.      Plaintiffs Fail to Allege a Valid Substantive Due Process
                            Claim Under the Fourteenth Amendment .......................... 19

21                  2.      Plaintiffs Fail to Allege a Valid Procedural Due Process
                            Claim Under the Fourteenth Amendment .......................... 21
22
            E.      Plaintiffs Cannot Allege a Valid Claim for Violation of Equal
23                  Protection Under the Fourteenth Amendment ................................ 22

24          F.      Plaintiffs Have Not Alleged and Cannot Allege a Valid Claim
                    for Violation of Privacy Under the California Constitution.................. 22
25
    III.    CONCLUSION ............................................................................................. 23
26

27

28

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2286079v3.doc

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Airbnb, Inc. v. City of New York*,
    No. 18 CIV. 7712 (PAE), 2019 WL 91990 (S.D.N.Y. Jan. 3, 2019) ...................... 13

*California v. Ciraolo*,
    476 U.S. 207 (1986) ........................................................................... 10

*City of Los Angeles, Calif. v. Patel*,
    135 S. Ct. 2443 (2015) ...................................................................... 8, 9

*Hacienda Valley Mobile Estates* ................................................................ 17

*Hacienda Valley Mobile Estates v. City of Morgan Hill*,
    353 F.3d 651 (9th Cir. 2003) ............................................................. 15

*Hotel & Motel Ass'n of Oakland v. City of Oakland*,
    344 F.3d 959 (9th Cir. 2003) ........................................................... 6, 14

*Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 965–66
    (9th Cir. 2003) ............................................................................... 15

*Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 966 (9th
    Cir. 2003) ...................................................................................... 18

*Hotop v. City of San Jose*,
    No. 18-CV-02024-LHK, 2018 WL 4850405, at *7 (N.D. Cal. Oct. 4,
    2018) ........................................................................................... 14

*Katz v. United States*,
    389 U.S. 347 (1967) ..................................................................... 10, 12

*Koontz v. St. Johns River Water Mgmt. Dist.*,
    570 U.S. 595 (2013) ..................................................................... 14, 20

*Levald, Inc. v. City of Palm Desert*,
    998 F.2d 680 (9th Cir. 1993) ............................................................. 20

*Lingle v. Chevron U.S.A. Inc.*,
    544 U.S. 528 (2005) ......................................................................... 16

*Lyall v. City of Los Angeles*,
    807 F.3d 1178 (9th Cir. 2015) ........................................................... 10

*Rancho de Calistoga v. City of Calistoga*,
    800 F.3d 1083 (9th Cir. 2015) ........................................................... 18

*San Francisco Apartment Ass'n v. City & Cty. of San Francisco*,
    881 F.3d 1169 (9th Cir. 2018) ....................................................... 12, 13

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2286079v3.doc

1

## **TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3   *San Francisco Apartment Ass'n v. City & Cty. of San Francisco*, 142 F. Supp.
    3d 910, 933 (N.D. Cal. 2015) ....................................................................... 22

4

5   *San Remo Hotel v. City and County of San Francisco*,
    145 F.3d 1095 (9th Cir.1998) ....................................................................... 14

6   *United States v. Jones*,
    565 U.S. 400 ......................................................................................... 9, 12

7

8   *United States v. Knotts*,
    460 U.S. 276 (1983) ...................................................................................... 10

9   *United States v. Scott*,
    450 F.3d 863 (9th Cir. 2006) ........................................................................ 14

10

11  *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*,
    24 F.3d 56 (9th Cir. 1994) ............................................................................ 22

12  *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*,
    473 U.S. 172 (1985) ...................................................................................... 16

13

14  **Statutes**

California Civil Code, Section 1947.7(g).................................................... passim

15

16  Municipal Code, Section 41.49 ....................................................................... 8

Municipal Code, Section 4-5-801(A)-(D) ....................................................... 7

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2286079v3.doc

1           **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.**    **INTRODUCTION AND SUMMARY OF ARGUMENT**

3       Instead of addressing the fatal deficiencies in the First Amended Complaint,

4 Plaintiffs Apartment Association of Greater Los Angeles and Orit Blau ("Plaintiffs")

5 resort to a scattershot citation of legal authorities and conclusory arguments that

6 neither salvage the First Amended Complaint nor accurately reflect what Plaintiffs

7 actually allege.  Accordingly, the Court should grant Defendant City of Beverly

8 Hills' (the "City") motion to dismiss.

9       First, Plaintiffs have not alleged and cannot allege a valid Fourth Amendment

10 search and seizure claim because the Ordinance provides Plaintiffs with the

11 opportunity to pursue pre-compliance review.  The Ordinance affords Plaintiffs  30-

12 days from the date rent registration information is required to seek pre-compliance

13 review, whether that be through further administrative review, lodging a complaint

14 with the City, or judicial action.  Plaintiffs also have not stated a valid Fourth

15 Amendment claim under the common law trespassory test because the First

16 Amended Complaint does not allege such a claim, and even if it did, the common

17 law trespassory test does not apply where, as here, there is no physical trespass or

18 physical occupation of private property.  Finally, Plaintiffs have not alleged and

19 cannot allege a valid Fourth Amendment claim because Plaintiffs do not have a

20 reasonable expectation of privacy in the rental registration information.  Indeed, the

21 Ordinance merely imposes a general requirement that landlords register their rental

22 units -- not, as Plaintiffs incorrectly presume, a requirement that confidential or

23 sensitive information be disclosed.

24       Second, Plaintiffs have not alleged and cannot allege a valid facial or as-

25 applied takings claim because Plaintiffs fail to establish that their claims are ripe for

26 adjudication under *Williamson County*.  Indeed, they cannot because Plaintiffs have

27 not sought and been denied just compensation.  Plaintiffs' attempts to evade the

28 jurisdictional ripeness requirements under *Williamson County* neither accurately

B0785-1642\2286079v3.doc

1   reflects the law nor exempts Plaintiffs from their pleading requirements.

2   Furthermore, Plaintiffs cannot state a facial taking claim because they do not dispute

3   that the Ordinance neither compels a permanent, physical invasion of Plaintiffs'

4   property nor deprives Plaintiffs of all economically viable use of their properties.

5   Plaintiffs also admit that they cannot state an as-applied takings claim because

6   Plaintiffs concede that they have not alleged and do not meet any of the factors under

7   *Penn Central* for an as-applied takings claim.  Instead of addressing the defects in the

8   First Amended Complaint, Plaintiffs merely argue that the *ad hoc Penn Central*

9   inquiry cannot be decided in a motion to dismiss.  Plaintiffs are incorrect:

10  "Regulatory takings claims, in short, do not easily fit into a pre-ordained construct or

11  little box; individualized scrutiny of such claims [however] does not foreclose

12  resolution on a motion to dismiss or a motion for summary judgment." *Hotel &*

13  *Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 966 (9th Cir. 2003).

14          Plaintiffs also have not validly alleged substantive or procedural due process

15  claims because Plaintiffs concede that the City did not act arbitrarily or without any

16  rational basis for enacting the Ordinance.  Plaintiffs do not dispute that the Ordinance

17  was adopted to protect residents from illegal and drastic rent increases that would

18  displace residents where there already is a shortage in affordable housing.  In

19  addition, Plaintiffs concede that neither the Ordinance's requirements nor the City

20  pursuit of public peace, health, and safety in enacting the Ordinance shocks the

21  conscience or offends the community's sense of fair play and decency.  Plaintiffs fail

22  to allege a valid procedural due process claim because the First Amended Complaint

23  does not allege a constitutionally protected property interest and does not allege a

24  deprivation of that property interest without due process.  Plaintiffs do not have a

25  constitutionally protected property interest to be exempt from registering their rental

26  units and providing information that is already regularly requested and provided in

27  other real estate contexts.  In addition, there is no deprivation here without due

28  process -- Plaintiffs have 30-days from the date rent registration information is due to

B0785-1642\2286079v3.doc

1  seek pre-compliance review.

2       Plaintiffs also concede that they have not alleged a valid equal protection

3  claim.  Plaintiffs do not dispute that they are not members of a protected class and do

4  not dispute that the requirements of the Ordinance are rationally related to legitimate

5  state interests in promoting public welfare and affordable housing by ensuring the

6  proper administration of rent control and the City's Rent Stabilization Ordinance.

7  Plaintiffs also concede that they have not been treated differently than those similarly

8  situated to Plaintiffs.  Instead, Plaintiffs subsume their equal protection claim into

9  their Fourth Amendment one.  As demonstrated above and more fully below,

10  Plaintiffs have not stated a valid claim for either.

11       Because Plaintiffs have failed to adequately allege a violation of Plaintiffs'

12  Fourth Amendment rights or any other constitutional right, Plaintiffs cannot allege a

13  valid unconstitutional conditions claim.

14       Accordingly, the City respectfully requests that the Court grant the City's

15  motion to dismiss the First Amended Complaint in its entirety.

16  **II.**    **ARGUMENTS**

17      **A.**    **Plaintiffs Have Not Alleged and Cannot Allege Valid Fourth**

18           **Amendment Search and Seizure Claims.**

19          **1.**    **Plaintiffs' Reliance on** *City of Los Angeles, Calif. v. Patel* **Is**

20               **Misplaced Because the Ordinance Provides for Pre-**

21               **Compliance Review.**

22       Plaintiffs cannot allege a valid Fourth Amendment claim because the

23  Ordinance provides Plaintiffs with the opportunity to pursue pre-compliance review.

24       Specifically, Section 4 of the Ordinance, amending Municipal Code section 4-

25  5-801(A)-(D), provides Plaintiffs with 30-days to seek pre-compliance review:

26      "A. Initial Registration: A landlord must register every rental unit that is
    subject to the provisions of this chapter within thirty (30) days of receipt

27      of notice from the City that registration is required . . .

28      B. After Terminated Exemption: When a rental unit that was exempt
    from this chapter becomes governed by this chapter for the first time,

B0785-1642\2286079v3.doc

the landlord must register the unit with the City within thirty (30) days after the exemption ends.

C. Reregistration: When a rental unit is rerented after a vacancy, the landlord must reregister the unit with the City within thirty (30) days after the rerental.

D. Registration Amendment; Landlord Required To Notify City Of Changed Registration Information: A landlord must file a registration amendment with the City within thirty (30) days of a change in a rental unit's ownership or management, or a change in the owner's or manager's contact information."

RJN at Exhibit 2 (Sections 4 and 9).

Plaintiffs' reliance on *City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443 (2015) ("*Patel*"), is unavailing. In *Patel*, the U.S. Supreme Court considered whether a Los Angeles Municipal Code § 41.49 violated the Fourth Amendment. *Id.* at 2445-2446. Section 41.49 required hotel operators to record and keep specific information about their guests on the premises and make those records available for immediate inspection by a Los Angeles Police Department officer. *Id.* at 2445. Significantly, the U.S. Supreme Court determined that Los Angeles Municipal Code § 41.49 did not provide hotel operators with the opportunity to seek pre-compliance review: "A hotel owner who refuses to give an officer access to his or her registry can be arrested on the spot." *Id.* at 2452. Thus, the U.S. Supreme Court held that Los Angeles Municipal Code § 41.49 violated the Fourth Amendment: "we hold that § 41.49(3)(a) is facially unconstitutional because it fails to provide hotel operators with an opportunity for precompliance review." *Id.* at 2451.

Here, in contrast, the Ordinance allows Plaintiffs to seek pre-compliance review. Unlike the hotel operators in *Patel*, Plaintiffs would not be subject to immediate, on-the-spot arrest when a request for rent registration has been made. Instead, Plaintiffs have 30-days from the date rent registration information is sought to seek pre-compliance review, whether that be through further administrative review (see Municipal Code § 1-3-301 *et seq.* [Article 3 provides an administrative remedy for any violation of Municipal Code]), lodging a complaint with the City, or, if

-8-

B0785-1642\2286079v3.doc

1  necessary, filing a lawsuit and seeking injunctive relief if there were, indeed, a
2  Constitutional or some other legal violation.  Because the Ordinance provides
3  Plaintiffs with the opportunity to seek pre-compliance review, Plaintiffs' reliance on
4  *Patel* is unavailing, and Plaintiffs have not alleged and cannot allege a valid Fourth
5  Amendment violation.

6  　　　　　**2.**　　　**Plaintiffs Have Not Alleged and Cannot Allege a Fourth**
7  　　　　　　　　　**Amendment Claim Under the Common-Law Trespassory**
8  　　　　　　　　　**Test.**

9  　　　　Although the First Amended Complaint does not allege a Fourth Amendment
10  claim based on the common law trespassory test established by *United States v.*
11  *Jones*, 565 U.S. 400, Plaintiffs' opposition brief raises this theory for the first time.
12  Opposition Brief p.9:26-28 through p.10:1-3.  Accordingly, the Court should reject
13  Plaintiffs' common law trespsassory test arguments because such a theory has not
14  been sufficiently pled in the First Amended Complaint.  Indeed, Plaintiffs incorrectly
15  criticize the City for not addressing the common law trespassory test in the City's
16  moving papers, but the City could not have known this was the basis for Plaintiffs'
17  claim when it was not alleged in the First Amended Complaint and when it was only
18  raised for the first time in Plaintiffs' Opposition brief.

19  　　　　Assuming, *arguendo*, that the Court considers Plaintiffs' common law
20  trespassory test arguments, Plaintiffs have not alleged and cannot allege a valid
21  Fourth Amendment claim under that theory because the common law trespassory test
22  does not apply where, as here, there is no physical trespass or physical occupation of
23  private property.  The Ninth Circuit already has determined that the common law
24  trespassory test under *Jones* applies when the government physically occupies
25  private property to obtain information: "*Jones* simply reaffirmed that when the
26  government 'physically occupie(s) private property for the purpose of obtaining
27  information,' a Fourth Amendment search occurs, regardless whether the intrusion
28  violated any reasonable expectation of privacy. . . . Only where the search did not

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT
B0785-1642\2286079v3.doc

1   involve a physical trespass do courts need to consult *Katz's* reasonable-expectation-

2   of-privacy test." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015).

3   If there is no physical trespass, the reasonable expectation of privacy test under *Katz*

4   applies.  *Id.*  Under the Ordinance, however, the City does not physically occupy any

5   private property to obtain information.  Instead, the City requires rental registration

6   without any physical trespass or physical occupation; the landlords submit that

7   information to the City.  Because the City does not physically occupy or trespass

8   upon private property to obtain the rent registry information, Plaintiffs fail to allege a

9   valid Fourth Amendment claim under the common law trespassory test because that

10   test does not apply here.

### 3.   Plaintiffs Do Not Have a Reasonable Expectation of Privacy.

11   

12        Plaintiffs have not alleged and cannot allege a valid Fourth Amendment claim

13   because Plaintiffs do not have a reasonable expectation of privacy in the rental

14   registration information.

15        "The touchstone of Fourth Amendment analysis is whether a person has a

16   'constitutionally protected reasonable expectation of privacy.'"  *California v.*

17   *Ciraolo*, 476 U.S. 207, 211 (1986) quoting *Katz v. United States*, 389 U.S. 347, 360

18   (1967).  "*Katz* posits a two-part inquiry: first, has the individual manifested a

19   subjective expectation of privacy in the object of the challenged search?  Second, is

20   society willing to recognize that expectation as reasonable?"  *California v. Ciraolo*,

21   476 U.S. 207, 211 (1986).  On the second prong, the inquiry focuses on "whether, in

22   the words of the *Katz* majority, the individual's expectation, viewed objectively, is

23   'justifiable' under the circumstances."  *United States v. Knotts*, 460 U.S. 276, 281

24   (1983).  "In pursuing this inquiry, we must keep in mind that '(t)he test of legitimacy

25   is not whether the individual chooses to conceal assertedly 'private' activity,' but

26   instead 'whether the government's intrusion infringes upon the personal and societal

27   values protected by the Fourth Amendment.'"  *California v. Ciraolo*, 476 U.S. 207,

28   212 (1986).

-10-

B0785-1642\2286079v3.doc

1    Here, Plaintiffs do not have a reasonable expectation of privacy in the

2    generalized registration information sought by the Ordinance. On its face, the

3    Ordinance does not seek or require the disclosure of any information that would be

4    confidential or subject to a reasonable expectation of privacy. RJN at Exhibit 2

5    (Sections 4 and 9). Instead of even requiring the disclosure of any specific

6    information, much less confidential information, the Ordinance merely imposes the

7    general requirement that Plaintiffs provide rent registration information. *Id.*

8    Significantly, Plaintiffs concede that, on its face, the Ordinance "does not state what

9    the required information is that must be disclosed." Opposition p.11:10-13. Thus,

10   the Ordinance's general requirement to provide rent registry information cannot be

11   equated, as Plaintiffs incompatibly allege in the First Amended Complaint and argue

12   in their Opposition Brief, to the unfounded and distorted concern of disclosing

13   "tenant's sensitive rental information" or private business information. See First

14   Amended Complaint at ¶ 15; Opposition p.11:5-10. Because the Ordinance's

15   general requirement to provide information for rental registrations does not implicate

16   any reasonable expectation of privacy held by Plaintiffs, Plaintiffs have not alleged

17   and cannot allege a valid Fourth Amendment claim here.

18   Plaintiffs attempt to salvage their claim by disingenuously stating that

19   California Civil Code § 1947.7(g) treats landlord-tenant information and rental

20   registration information as confidential (Opposition p.10:4-8), but that assertion goes

21   far beyond what Civil Code § 1947.7(g) says. Contrary to Plaintiffs' overbroad

22   assertion that landlord-tenant information disclosed in rent registry programs is

23   confidential, Civil Code § 1947.7(g) makes no such blanket pronouncements.

24   Instead, Civil Code § 1947.7(g) only makes the tenant's name and any additional

25   information provided concerning the tenant confidential:

26       "In those jurisdictions where an ordinance or charter controls, or
         establishes a system of controls on, the price at which residential rental
27       units may be offered for rent or lease and requires the periodic
         registration of rents, and where, for purposes of compliance with
28       subdivision (e) of Section 1954.53, the local agency requires an owner
         to provide the name of a present or former tenant, the tenant's name and

-11-

1       any additional information provided concerning the tenant, is
2       confidential and shall be treated as confidential information within the
        meaning of the Information Practices Act of 1977."

3  Civil Code § 1947.7(g) does not make all information disclosed in the rent

4  registration process confidential as Plaintiffs incorrectly suggest. Because Civil

5  Code § 1947.7(g) only treats a narrow range of information as confidential -- the

6  tenant's name and other information regarding the tenant -- the Ordinance does not

7  violate a reasonable expectation of privacy under Civil Code § 1947.7(g). On its

8  face, the Ordinance does not call for the disclosure of the tenant's name or any other

9  additional information regarding the tenant. Likewise, the Ordinance does not call

10  for the disclosure of any confidential information in violation of Civil Code

11  § 1947.7(g). Thus, Civil Code § 1947.7(g) does not establish a reasonable

12  expectation of privacy in the rent registration information sought by the Ordinance,

13  and Plaintiffs cannot allege a valid Fourth Amendment claim.

14       Plaintiffs also have not alleged a subjective expectation of privacy or that

15  Plaintiffs' subjective expectation is objectively justifiable under the circumstances.

16  Plaintiffs concede that the First Amended Complaint fails to even address these

17  essential factors. The Opposition does not point to any allegation in the First

18  Amended Complaint, nor is there any, alleging this essential element. Thus,

19  Plaintiffs concede that their Fourth Amendment claim is fatally deficient.

20       Moreover, Plaintiffs cannot allege a subjective expectation of privacy or that

21  such an expectation is objectively justifiable because Plaintiffs already provide the

22  same kind of information in other contexts. See *San Francisco Apartment Ass'n v.*

23  *City & Cty. of San Francisco*, 881 F.3d 1169, 1178 (9th Cir. 2018); *Katz v. United*

24  *States*, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public,

25  even in his own home or office, is not a subject of Fourth Amendment protection.").

26  Plaintiffs attempt to distinguish *San Francisco Apartment Ass'n* by arguing that the

27  Ninth Circuit did not analyze a Fourth Amendment claim or the *Jones* common law

28  trespassory test. But, Plaintiffs miss the point: *San Francisco Apartment Ass'n*

-12-

B0785-1642\2286079v3.doc

1  relevantly determined that there is no reasonable expectation of privacy in
2  information that already is submitted to the government and made publicly
3  accessible, like a landlord's name, the current rent for each unit, and the proposed
4  increase.  *Id.* at 1178-1179.  The absence of a reasonable expectation of privacy is
5  fatal to Plaintiffs' Fourth Amendment claim here.  Likewise, *San Francisco*
6  *Apartment Ass'n* did not discuss Civil Code § 1947.7(g) or the *Jones* common law
7  trespassory test because in that case, as here, Civil Code § 1947.7(g) and the
8  common law trespassory test are inapplicable and do not establish a reasonable
9  expectation of privacy in information that is regularly disclosed in other contexts.
10  Because rent registration information is actually and routinely submitted for a broad
11  range of property transactions, Plaintiffs cannot allege a subjective expectation of
12  privacy in such information and cannot allege a valid Fourth Amendment claim here.
13       Plaintiffs do not dispute that rent registration information is essential in
14  determining whether proper rent amounts and rent increases are being legally sought
15  and charged in compliance with rent stabilization and rent control ordinances.
16  Accordingly, Plaintiffs concede that any subjective expectation of privacy in such
17  information would not be objectively justifiable to society because such an
18  expectation would defeat the essential requirements and purpose of rent control and
19  rent stabilization ordinances already in force throughout the country.  Indeed, as
20  echoed by the City's urgency findings, society has a justifiable and objective interest
21  in maintaining affordable housing, stemming the tide of dramatically increasing
22  rents, and protecting tenants from predatory landlord practices.  See RJN at Exhibit 2
23  (Section 12(a)).
24       Finally, Plaintiffs' reliance on *Airbnb, Inc. v. City of New Yor*k, No. 18 CIV.
25  7712 (PAE), 2019 WL 91990 (S.D.N.Y. Jan. 3, 2019) is misplaced.  First, *Airbnb,*
26  *Inc.* has been appealed and cannot be relied upon until the appeal has been decided.
27  Even if Plaintiffs could rely on *Airbnb, Inc.*, that case is not binding upon this Court,
28  and the Ordinance does not violate *Airbnb, Inc.* because the Ordinance provides

1 │ Plaintiffs with the opportunity to pursue pre-compliance review.

2 │     B.    **Plaintiffs Cannot Allege and Have Not Alleged A Valid Fourth**

3 │           **Amendment Unconstitutional Condition Claim.**

4 │     Plaintiffs have not alleged and cannot allege a valid claim for unconstitutional

5 │ condition because Plaintiffs have not alleged a threshold violation of Plaintiffs'

6 │ Fourth Amendment rights.  Plaintiffs do not dispute that the failure to allege a valid

7 │ Fourth Amendment claim is fatal to an unconstitutional conditions claim.  See *Hotop*

8 │ *v. City of San Jose*, No. 18-CV-02024-LHK, 2018 WL 4850405, at *7 (N.D. Cal.

9 │ Oct. 4, 2018).  As demonstrated above, Plaintiffs have failed to adequately allege a

10 │ violation of Plaintiffs' Fourth Amendment rights; thus, Plaintiffs cannot allege a

11 │ valid unconstitutional conditions claim because there is no valid Fourth Amendment

12 │ right that the City has forced Plaintiffs to waive.  Plaintiffs' reliance upon *United*

13 │ *States v. Scott*, 450 F.3d 863, 866 (9th Cir. 2006) and *Koontz v. St. Johns River*

14 │ *Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) is unavailing because those cases do

15 │ not alter the fundamental prerequisite for a valid unconstitutional condition claim

16 │ here -- an underlying violation of Plaintiffs' Constitutional rights.

17 │     C.    **Plaintiffs Cannot Allege and Have Not Alleged A Valid Fifth and**

18 │           **Fourteenth Amendment Takings Claim.**

19 │         1.    **Plaintiffs Have Not Alleged and Cannot Allege a Valid Facial**

20 │              **Taking Claim.**

21 │     Plaintiffs concede that their facial taking claim is jurisdictionally barred

22 │ because Plaintiffs have not alleged and cannot allege that they have pursued

23 │ compensation through state law remedies.

24 │     "Under our precedents, a facial takings claim alleging the denial of the

25 │ economically viable use of one's property is unripe until the owner has sought, and

26 │ been denied, just compensation by the state." *San Remo Hotel v. City and County of*

27 │ *San Francisco*, 145 F.3d 1095, 1101 (9th Cir.1998); *Hotel & Motel Ass'n of Oakland*

28 │ *v. City of Oakland*, 344 F.3d 959, 965–66 (9th Cir. 2003).  "This jurisdictional

B0785-1642\2286079v3.doc

predicate is grounded in the text of the Fifth Amendment and in the Supreme Court's admonition that 'no constitutional violation occurs until just compensation has been denied.'" *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 965–66 (9th Cir. 2003).

Here, Plaintiffs do not dispute that they have not sought and been denied just compensation for any taking by the state. Accordingly, Plaintiffs concede that their regulatory or per se takings claim is jurisdictionally barred and unripe for adjudication here. Although Plaintiffs selectively cite to *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651 (9th Cir. 2003) (Opposition p.16:19-27), *Hacienda Valley Mobile Estates* does not excuse Plaintiffs from pursuing compensation through state remedies under *Williamson County* ripeness:

> "The *Williamson County* ripeness analysis is also a two-step inquiry. The plaintiff must have obtained a final decision from the governmental authority charged with implementing the regulations and must have pursued compensation through state remedies unless doing so would be futile. Facial challenges are exempt from the first prong of the *Williamson* ripeness analysis because a facial challenge by its nature does not involve a decision applying the statute or regulation. **The state remedies prong, however, does apply to facial challenges.**"

*Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) (emphasis added). Because Plaintiffs do not allege that they sought and were denied just compensation, Plaintiffs have not alleged and cannot allege a valid facial takings claim. Like their selective and disingenuous citation of *Hacienda Valley Mobile Estates*, Plaintiffs cite several cases to imply that *Williamson County* ripeness does not apply to Plaintiffs' takings claims. Opposition p.16-18. Significantly, however, none of Plaintiffs' cited authorities exempts Plaintiffs' takings claims from complying with *Williamson County* and the requirement that Plaintiffs' claims are jurisdictionally ripe for review. Thus, because Plaintiffs' have not alleged and cannot allege that they have pursued compensation through state law remedies, their facial taking claim is jurisdictionally barred.

Furthermore, Plaintiffs do not dispute that there has been no permanent

B0785-1642\2286079v3.doc

physical invasion of Plaintiffs' property and Plaintiffs have not been deprived of all economically beneficial use of their Property; thus, Plaintiffs concede that they have not alleged a valid facial takings claim.  See *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005).  Plaintiffs' conclusory statements that the City is denying the rental of units without a license; that the payment of a relocation fee; and that the denial of a rent increase absent registration constitute a per se taking are unavailing because they do not and cannot establish that there has been a permanent, physical invasion of Plaintiffs' property or that Plaintiffs have been deprived of all economically beneficial use of their Property.  Requiring the registration of rental units and requiring the payment of relocation fees in limited circumstances do not constitute a permanent, physical invasion of Plaintiffs' properties.  Likewise, the Ordinance's rental registration and relocation fee requirements do not deprive Plaintiffs of all economically beneficial use of Plaintiffs property because the Ordinance still allows Plaintiffs to make the most economically viable and valuable use of their properties as rentals.  Thus, Plaintiffs have not alleged and cannot allege a valid facial takings claim.

## 2. Plaintiffs Have Not Alleged and Cannot Allege a Valid As-Applied Takings Claim.

Similarly, Plaintiffs concede that they have not alleged and cannot allege a valid as-applied takings claim because Plaintiffs have failed to allege compliance with the *Williamson* ripeness prongs.

> "An as applied takings claim must satisfy both prongs of the test set out in *Williamson*.  First, a plaintiff must demonstrate that 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'  Second, the plaintiff must have sought, and been denied, 'compensation through the procedures the State has provided for doing so.'"

*Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 958 (9th Cir. 2011) citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 and 194 (1985).  Here, Plaintiffs do not dispute and concede that

B0785-1642\2286079v3.doc

1  they have not alleged that the City reached a final decision regarding the application

2  of the Ordinance to Plaintiffs' properties.  Specifically, Plaintiffs do not allege that

3  the City made a decision on the crux of Plaintiffs' taking claim -- that a relocation

4  fee must be paid.  In fact, no decision has been made yet because Plaintiffs do not

5  allege that they evicted a tenant without just cause and were required to pay a

6  relocation fee.  Nor do Plaintiffs allege that a final decision has been made regarding

7  the application of any other aspect of the Ordinance to Plaintiffs' properties,

8  rendering Plaintiffs' as-applied takings claim fatally defective.  Plaintiffs' as-applied

9  takings claim also is not ripe for adjudication because Plaintiffs have not alleged, as

10  they are required to, that they sought and have been denied compensation through

11  state procedures for seeking compensation.

12       Plaintiffs' reliance on *Hacienda Valley Mobile Estates* is misplaced because

13  that case only removes the first *Williamson County* ripeness prong from a facial

14  takings claim analysis.  It does not excuse Plaintiffs from complying with both

15  *Williamson County* ripeness prongs for an as-applied takings claim.  As

16  demonstrated above, Plaintiffs have not done so and that is fatal to Plaintiffs' as-

17  applied takings claim.  In addition, Plaintiffs' attempt to accomplish an end-run-

18  around of the *Williamson County* ripeness requirements through their inverse

19  condemnation arguments is unavailing.  Not only does the First Amended Complaint

20  fail to allege a state inverse condemnation claim but also there is no legal authority,

21  nor have Plaintiffs cited any, that allows Plaintiffs to maintain their takings claims

22  when they have not complied with *Williamson County* and jurisdictional ripeness.

23       Plaintiffs also concede that they have not alleged and cannot allege a valid as-

24  applied takings claim because Plaintiffs have not alleged and do not meet the *Penn*

25  *Central* factors for such a claim.  Rather than addressing Plaintiffs' failure to allege

26  or satisfy any of the *Penn Central* factors, Plaintiffs instead argue that *Penn Central*

27  is not applicable to a facial takings claim and is an ad hoc inquiry that cannot be

28  decided on a motion to dismiss.  First, Plaintiffs present a strawman argument; the

-17-

B0785-1642\2286079v3.doc

1   City has never argued that *Penn Central* applies to Plaintiffs' facial takings claim.
2   As demonstrated above, Plaintiffs' facial takings claim is fatally defective for
3   different reasons.  Second, Plaintiffs are incorrect -- a *Penn Central* analysis can be
4   made and decided on a motion to dismiss: "Regulatory takings claims, in short, do
5   not easily fit into a pre-ordained construct or little box; individualized scrutiny of
6   such claims [however] does not foreclose resolution on a motion to dismiss or a
7   motion for summary judgment." *Hotel & Motel Ass'n of Oakland v. City of Oakland*,
8   344 F.3d 959, 966 (9th Cir. 2003).

9      Where, as here, Plaintiffs have not alleged and cannot allege that they meet
10  any of the *Penn Central* factors for a regulatory taking, a motion to dismiss is
11  appropriate to resolve Plaintiffs' failure to allege a valid regulatory taking.  Indeed,
12  based on the facts alleged in the First Amended Complaint and the provisions of the
13  Ordinance, Plaintiffs cannot allege a valid claim.  The character of the governmental
14  action does not establish an as-applied taking because the Ordinance does not
15  amount to a physical invasion of Plaintiffs' property.  The Ninth Circuit already has
16  determined that the economic impact of rent control on property owners is an
17  inevitable and constitutional framework.  *Rancho de Calistoga v. City of Calistoga*,
18  800 F.3d 1083, 1090 (9th Cir. 2015).  Finally, Plaintiffs' reasonable, investment-
19  backed expectations do not include being free from government regulation, including
20  rent control.  See *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th
21  Cir. 2015) ("Because Rancho cannot reasonably expect that its property will be
22  continually unencumbered by government regulation, this factor also favors the
23  City.").  Because Plaintiffs have not alleged and cannot allege that they meet any of
24  the *Penn Central* factors, Plaintiffs have not alleged and cannot allege a valid claim
25  for an as-applied taking.

26    D. **Plaintiffs Have Not Alleged and Cannot Allege Viable Due Process**
27      **Claims.**
28

B0785-1642\2286079v3.doc

1              **1.**     **Plaintiffs Fail to Allege a Valid Substantive Due Process**

2                      **Claim Under the Fourteenth Amendment.**

3         Plaintiffs concede that the City did not act arbitrarily or without any rational

4 basis for enacting the Ordinance. Significantly, Plaintiffs do not dispute that the

5 Ordinance was enacted to protect residents from illegal and drastic rent increases that

6 would displace residents where there already is a shortage in affordable housing.

7 RJN at Exhibit 2 (Section 12(a)). Likewise, Plaintiffs do not dispute that the City did

8 not act arbitrarily or unreasonably in enacting the Ordinance because the City

9 weighed several factors, including the shortage of affordable housing in the City, the

10 dramatic rise in rent levels, and the incentives for landlords to drastically raise rents

11 following a vacancy. *Id.* All of these factors support and form the bases for the

12 City's decision to enact the safeguards in the Ordinance. *Id.* Requiring landlords to

13 register rental units and the information from those registrations are essential in

14 determining whether proper rent amounts and rent increases are being legally sought

15 and charged in compliance with rent stabilization and rent control ordinances. The

16 Ordinance's relocation fee requirement also ensures that tenants who are evicted

17 without just cause are adequately compensated and promotes the City's legitimate

18 interests in protecting tenants from arbitrary evictions because landlords can

19 dramatically increase rents after a vacancy and therefore have an incentive to evict

20 existing tenants who are renting a lower rates. Finally, the City's enactment of the

21 Ordinance has a substantial relation to public health, safety, morals, and general

22 welfare. The City's urgency findings confirm that the City adopted the Ordinance in

23 light of a current and immediate threat to public peace, health, and safety. *Id.* at

24 Exhibit 2 (Section 12(b)). As the Ninth Circuit previously decided, the foregoing

25 motivations in a rent control ordinance form a sufficient basis to defeat a Substantive

26 Due Process Claim:

27           "The stated purposes of the ordinance were to alleviate hardship created
          by rapidly escalating rents . . . to equalize the bargaining position of
          park owners and tenants; and to protect residents from unconscionable

28           and coercive changes in rental rates. These purposes are similar to those

B0785-1642\2286079v3.doc

1  advanced in support of other rent control ordinances; the Supreme Court
2  has held that these goals are legitimate. See *Pennell v. City of San Jose*, 485 U.S. 1, 13–14, 108 S.Ct. 849, 858, 99 L.Ed.2d 1 (1988)."

3  *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 690 (9th Cir. 1993) (upholding

4  dismissal of substantive due process claim).  Plaintiffs also cannot allege a valid

5  substantive due process claim because the City's conduct in enacting the Ordinance

6  does not shock the conscience or offend the community's sense of fair play and

7  decency since the Ordinance was enacted to alleviate the hardship of rapidly

8  increasing and protect tenants from unconscionable and coercive practices of

9  landlords.  Because Plaintiffs' Opposition does not dispute any of the foregoing

10  arguments, Plaintiffs have not alleged and cannot allege a valid substantive due

11  process claim.

12  Plaintiffs instead argue that their substantive due process claim should be

13  analyzed according to the nexus and rough proportionality standards in *Koontz v. St.*

14  *Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013).  Plaintiffs are incorrect; those

15  standards do not apply here because *Koontz* did not apply the nexus and rough

16  proportionality standards of *Nollan* and *Dolan* to a substantive due process analysis.

17  *Id.* at 595-599.  Instead, the U.S. Supreme Court analyzed that case in the permitting

18  context of an unconstitutional condition claim and a Fifth Amendment Taking.  *Id.*

19  As demonstrated above, Plaintiffs have not allege a valid unconstitutional condition

20  or a Fifth Amendment Taking claim.  In addition, even if the nexus and rough

21  proportionality standards were appropriate here (and they are not) the City satisfies

22  those requirements.  There is a "nexus" and "rough proportionality" between what

23  the City demands -- rent registry information and tenant relocation fees where

24  appropriate -- and the social costs here.  Rent registry information is essential to

25  ensure that fair and legal rents are being charged according to rent control.  Likewise,

26  relocation fees are necessary to protect tenants from landlords who are incentivized

27  to evict tenants so that vacancies can be rented out at higher rates.  The foregoing

28  measures combat increasingly high rents, the dearth of affordable housing, and the

-20-

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  incentives for landlords to evict tenants so that higher rents may be charged and

2  preserve public peace, safety, and health.

3            **2.**      **Plaintiffs Fail to Allege a Valid Procedural Due Process Claim**

4                     **Under the Fourteenth Amendment.**

5       Contrary to Plaintiffs' arguments otherwise, Plaintiffs have not alleged a valid

6  procedural due process claim because Plaintiffs have not alleged a constitutionally

7  protected property interest and a deprivation of that property interest without due

8  process.  Plaintiffs concede that the First Amended Complaint does not specify what,

9  if any, constitutionally protected property interest of which the City deprived

10  Plaintiffs.  Indeed, Plaintiffs' reliance on Civil Code § 1947.7(g) and the California

11  Constitution is misplaced because, as demonstrated above, the Ordinance does not

12  deprive Plaintiffs of any interests protected under the Civil Code or California

13  Constitution.  Likewise, the First Amended Complaint does not allege that any

14  deprivation was done without due process, notice, and a fair hearing.  Indeed, as

15  demonstrated above, the Ordinance provides for notice and an opportunity to seek

16  pre-enforcement review through the 30-day window from the time registration

17  information is requested to the time it is due.

18       Plaintiffs also do not dispute that they do not have a constitutionally protected

19  property interest to be exempt from the rental unit registration requirements in the

20  Ordinance or rent control.  The City already has demonstrated that there is no

21  constitutionally protected property interest in the rental registration information

22  because that information already is regularly requested and provided in other real

23  estate transactions and contexts.  Finally, Plaintiffs concede that they do not have a

24  constitutionally protected property interest in the rent relocation fees because the

25  Ordinance does not establish a reasonable expectation for Plaintiffs' entitlement to

26  those relocation fees when Plaintiffs evict a tenant without just cause.  "A protected

27  property interest is present where an individual has a reasonable expectation of

28  entitlement deriving from 'existing rules or understandings that stem from an

-21-

B0785-1642\2286079v3.doc

1  independent source such as state law.' . . . 'A reasonable expectation of entitlement is

2  determined largely by the language of the statute and the extent to which the

3  entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v.*

4  *City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).  Here, no statute and no part of

5  the Ordinance establish Plaintiffs' entitlement, in mandatory terms, to relocation fees

6  when Plaintiffs evict a tenant without just cause.

7       E.    **Plaintiffs Cannot Allege a Valid Claim for Violation of Equal**

8           **Protection Under the Fourteenth Amendment.**

9       Plaintiffs do not dispute and concede that they fail to state a valid claim for

10  equal protection under the Fourteenth Amendment because Plaintiffs have not

11  alleged and cannot allege any membership in a protected class or any intention on the

12  part of the City to discriminate based upon membership in a protected class.

13  Plaintiffs also concede that they have not alleged a valid equal protection claim

14  because the Ordinance's requirements are rationally related to legitimate state

15  interests.  Plaintiffs also do not dispute that they have not alleged a class-of-one

16  equal protection claim because Plaintiffs -- apartment landlords -- are not similarly

17  situated with hotels and motels.  Instead, Plaintiffs argue that their equal protection

18  claim is subsumed in Plaintiffs' Fourth Amendment claim.  As demonstrated above,

19  Plaintiffs fail to allege a valid Fourth Amendment claim so their Equal Protection

20  claim is likewise fatally defective.

21       F.    **Plaintiffs Have Not Alleged and Cannot Allege a Valid Claim for**

22           **Violation of Privacy Under the California Constitution.**

23       As demonstrated above, Plaintiffs fail to allege a privacy claim under the

24  California Constitution because Plaintiffs have not alleged and cannot allege a

25  legally protected privacy interest in the rent registration information, a reasonable

26  expectation of privacy, or a serious invasion of privacy by the City.  Plaintiffs

27  concede that they have not alleged any of the elements for a privacy claim under the

28  California Constitution.  *San Francisco Apartment Ass'n v. City & Cty. of San*

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2286079v3.doc

1   *Francisco*, 142 F. Supp. 3d 910, 933 (N.D. Cal. 2015). Indeed, Plaintiffs do not have

2   a reasonable expectation of privacy under the circumstances or a protected privacy

3   interest -- rental registration information is routinely sought and provided in a broad

4   range of real estate transactions and contexts. Such information is neither

5   confidential nor sensitive to warrant a reasonable expectation of privacy or a

6   protected privacy interest, and Plaintiffs cannot allege otherwise, because the entire

7   purpose and mechanics of rent stabilization and rent control depend upon providing

8   the government with rental registration information. Second, Plaintiffs do not have a

9   protected privacy interest and the City has not invaded any protected privacy interest

10  because nothing in the Ordinance calls for the City's disclosure of any private

11  information provided during the rent registration process. Plaintiffs' reliance on

12  Civil Code § 1947.7(g) is misplaced because, as demonstrated above, the Ordinance

13  does not call for the disclosure of confidential tenant information. The Ordinance's

14  general requirement that Plaintiffs provide rental registration information falls well

15  short of any "serious invasion" or "egregious breach of social norms" required for a

16  privacy claim under the California Constitution.

17  **III.    CONCLUSION**

18          For all of the foregoing reasons, the City respectfully requests that the Court

19  grant the City's motion to dismiss the First Amended Complaint in its entirety

20  without leave to amend.

21

22  Dated:  April 8, 2019                    RICHARDS, WATSON & GERSHON
                                             A Professional Corporation
23                                           GREGORY M. KUNERT
                                             STEPHEN D. LEE
24

25
                                             By: _____/S/_____
26                                               STEPHEN D. LEE
                                                 Attorneys for Defendant
27                                               CITY OF BEVERLY HILLS

28

DEFENDANT CITY OF BEVERLY HILLS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

B0785-1642\2286079v3.doc