#21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Defendant's motion to dismiss**

Before the Court is Defendant City of Beverly Hills' ("Defendant" or "the City") motion to dismiss Plaintiffs Apartment Association of Greater Los Angeles ("AAGLA") and Orit Blau's (collectively "Plaintiffs") first amended complaint. *See* Dkt. # 21 ("*Mot.*"). Plaintiffs oppose the motion, *see* Dkt. # 23 ("*Opp.*"), and Defendant replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion.

I.  Background

Plaintiff AAGLA is a trade association of apartment owners, and Plaintiff Blau is a member of AAGLA. *See First Amended Complaint*, Dkt. # 19 ("*FAC*"), ¶¶ 3, 6–7. Defendant is a municipality. *Id.* ¶ 4.

On January 24, 2017, the Beverly Hills City Council adopted Urgency Ordinance No. 17-O-2725, requiring landlords to annually register their tenancies and pay relocation fees to tenants who are evicted without just cause. *See id.*, Ex. A-1. On February 21, 2017, the City Council adopted Urgency Ordinance No. 17-O-2728 ("the Ordinance"), which replaced Ordinance No. 17-O-2725 and established general registration and re-registration of tenancy requirements. *See id.*, Ex. A-2 ("*Ordinance*"). The Ordinance amended the Beverly Hills Municipal Code to require landlords to register all rental units that are subject to an already existing Rent Stabilization Ordinance ("the Registration Provision"). *Ordinance* §§ 4, 9. Like its predecessor, the Ordinance also requires that landlords pay relocation fees to tenants who are evicted without just cause ("the Relocation Fee Provision"). *Id.* §§ 3, 8, 12. The stated purposes of the Ordinance are to address the shortage of affordable housing in the City, to halt the dramatic rise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

in rent, and to curb the landlords' incentives to evict existing tenants to re-rent units with drastically increased rents. *Id.* § 12(a).

Plaintiffs initiated this suit, alleging that the Ordinance—in particular the Registration and Relocation Fee Provisions—violates various parts of the U.S. Constitution. *See generally FAC*. Plaintiffs bring only two causes of action but they cover a number of constitutional violations. For their first cause of action under 42 U.S.C. § 1983, Plaintiffs lump together the following alleged constitutional violations: (1) facial and as-applied claims for unreasonable search and seizure under the Fourth and Fourteenth Amendments; (2) facial and as-applied claims for imposition of unconstitutional conditions under the Fourth Amendment; (3) unconstitutional takings of property without just compensation under the Fifth and Fourteenth Amendments; (4) violation of substantive and procedural due process under the Fourteenth Amendment; and (5) violation of equal protection under the Fourteenth Amendment. *Id.* ¶¶ 21–22. Plaintiffs' second cause of action repeats their takings claim but specifies (1) that it is brought as both a facial and as-applied claim and (2) it is also brought under the California Constitution Takings Clause, Article I, Section 19. *Id.* ¶ 27.

Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See generally Mot.*

II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

III.    Judicial Notice

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendant asks the Court to take judicial notice of the two Urgency Ordinances at issue in this case and eight sections of the City of Beverly Hills Municipal Code. *See Defendant's Request for Judicial Notice*, Dkt. # 22 ("*RJN*"). Plaintiffs do not oppose this request or dispute the authenticity of these documents.

Because Plaintiffs' FAC attached as exhibits copies of the Urgency Ordinances, the Court may consider them as part of the pleading. Further, sections of the Municipal Code are proper subjects of judicial notice because they are not subject to reasonable dispute. *See, e.g.*, *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 941 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice."); *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 992 (C.D. Cal. 2013) (taking judicial notice of Los Angeles Municipal Code section). Accordingly, the Court **GRANTS** Defendant's request for judicial notice. The Court also takes judicial notice of other provisions of the City's Municipal Code as necessary.

IV.    Discussion

To state a claim under § 1983, Plaintiffs must allege: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Defendant urges the Court to dismiss the FAC because it falls far short of alleging any valid constitutional claim. *Opp.* 14:21–23.

Plaintiffs' FAC asserts the following claims: (1) facial and as-applied claims for unreasonable search and seizure under the Fourth and Fourteenth Amendments; (2) facial and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

as-applied claims for imposition of unconstitutional conditions under the Fourth Amendment; (3) facial and as-applied claims for unconstitutional takings of property without just compensation under the Fifth and Fourteenth Amendments and as incorporated in the California Constitution; (4) violation of substantive and procedural due process under the Fourteenth Amendment; and (5) violation of equal protection under the Fourteenth Amendment. *FAC* ¶¶ 21–22. The Court addresses each in turn.

    A.    <u>Fourth Amendment Search and Seizure Claims</u>

Plaintiffs allege that the Ordinance violates their Fourth Amendment right to be free from unreasonable searches and seizures because it requires them to divulge their "sensitive business information." *FAC* ¶ 13. Defendant argues that Plaintiffs have not alleged and cannot allege that the Registration Provision violates their Fourth Amendment rights because (1) Plaintiffs do not have a reasonable expectation of privacy in the rental registration information and (2) even if they did, the Ordinance does not violate any of Plaintiffs' rights. *Mot.* 14:26–15:2.

"The touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)). The reasonable expectation privacy inquiry involves two parts: "first that a person [exhibits] an actual (subjective) expectation of privacy and second, that the expectation be one that society is prepared to recognize as 'reasonable.'" *Katz*, 389 U.S. at 361.

Plaintiffs allege that the Ordinance's Registration Provision violates their Fourth Amendment rights because it requires submission of "sensitive tenant rental information for each unit rented including the amount of rent charged, unit numbers, utility payments, and onsite parking availability." *See FAC* ¶ 12. However, Plaintiffs fail to present any supporting factual allegations to demonstrate that they have a reasonable expectation of privacy in such rental information. In fact, it appears unlikely that the Registration Provision would implicate Plaintiffs' protected constitutional interests, as tenants are free to disclose details of their rental agreements to anyone they choose.

Defendant further points out that rent registration information is "actually and routinely submitted for a broad range of property transactions." *Opp.* 16:23–24. In support, Defendant cites to *San Francisco Apartment Association v. City & County of San Francisco*, 142 F. Supp. 3d 910 (N.D. Cal. 2015). *Mot.* 16:9–20. In that case, the plaintiffs challenged a San Francisco ordinance requiring landlords to submit buyout agreements to the city for placement on a public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

database. *S.F. Apartment Ass'n*, 142 F. Supp. 3d at 933. The database made available the landlords' business contact information, the address of any rental unit subject to a buyout agreement, certification of compliance with the ordinance, and copies of the buyout agreements. *Id.* The district court determined that the landlords did not have a legally protected privacy interest or reasonable expectation of privacy in the information made publicly available by the ordinance. *Id.* at 934. The Ninth Circuit affirmed, noting that the plaintiffs had failed to offer any explanation for "why the terms or consideration for a buyout agreement is more sensitive or private than other financial information routinely submitted to the government and made publicly available." *S.F. Apartment Ass'n v. City & Cty. of San Francisco*, 881 F.3d 1169, 1170 (9th Cir. 2018).

Similar to the plaintiffs in *S.F. Apartment Ass'n*, Plaintiffs fail to offer any justification for why information about their rental properties is subject to a reasonable expectation of privacy. Instead, Plaintiffs refer to California Civil Code § 1947.7(g), asserting that it treats landlord-tenant information and rental registration as confidential. *Opp.* 10:4–8. Yet § 1947.7(g) makes no such blanket statement. It does not render *all* information disclosed in the rent registration process confidential but only "the tenant's name and any additional information provided concerning the tenant." *See* Cal. Civ. Code § 1947.7(g). On its face, the Ordinance does not call for disclosure of such information. Nor have Plaintiffs alleged in their FAC that the City has ever asked for this information under the Ordinance.

Plaintiffs heavily rely on *City of Los Angeles v. Patel*, 135 S.Ct. 2443 (2015) in support of their claim that the Registration Provision violates their Fourth Amendment rights. *Opp.* 3:3–11:26. In *Patel*, the Supreme Court considered the constitutionality of a municipal code that required hotel operators to record and keep specific information about their guests on the premises and make those records available for immediate inspection by police officers. *Id.* at 2445. Under this ordinance, a hotel operator who refused to give access to the records could be arrested on the spot and face criminal penalties. *Id.* at 2452. Although the Court acknowledged that the ordinance might at first glance appear to fall under the "administrative search" exception, which permits governments to conduct warrantless searches for administrative purposes, it ultimately determined that the provision was unconstitutional because it did not provide the hotel operators with the opportunity to seek pre-compliance review of the search. *Id.* at 2452–53.

Plaintiffs contend that the Registration Provision is analogous to the ordinance in *Patel*. They believe that the Registration Provision is "more intrusive" than the disclosure requirements of the guest registries that were held unconstitutional in *Patel*. *Opp.* 9:7–9. Plaintiffs further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

state that the Ordinance, "while administrative in nature, carries severe criminal sanctions for noncompliance." *Id.* 9:23–25. However, as discussed above, Plaintiffs' FAC fails to establish that the Registration Provision implicates their protected constitutional interest. Instead, it only presents conclusory allegations that the rental information is "private" and "sensitive." *See FAC* ¶¶ 14–15. Therefore, *Patel*, which is premised on the notion that the ordinance authorized a warrantless "search" of the business records, does not apply here, where Plaintiffs fail to show that the Ordinance implicates a Fourth Amendment search in the first place.

Plaintiffs argue that they need not show that the rental registration information is protected under a reasonable expectation of privacy because it is still protected under the "common law trespassory" test articulated in *United States v. Jones*, 565 U.S. 400 (2012). *Opp.* 9:26–10:2. As the Ninth Circuit stated, "*Jones* simply reaffirmed that when the government 'physically occupie[s] private property for the purpose of obtaining information,' a Fourth Amendment search occurs, regardless whether the intrusion violated any reasonable expectation of privacy." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015) (citing *Jones*, 565 U.S. at 404). Here, there is no physical trespass. The Ordinance does not authorize the City to physically occupy any private property to obtain information. Therefore, the "common law trespassory" test does not apply here.

In sum, the Court finds that Plaintiffs' claims for violation of the Fourth Amendment fail because the FAC lacks factual allegations to support a finding that they have a reasonable expectation of privacy in the rental registration information sought by the Registration Provision. As such, the Court **DISMISSES** Plaintiff's Fourth Amendment claims.[1]

---

[1] The FAC includes a fleeting mention of the right to privacy under the California Constitution but does not specifically assert a cause of action under it. *See FAC* ¶ 14. Perhaps out of abundance of caution, Defendant asserts that the FAC cannot state a claim under this theory. *Mot.* 17:19–18:17. In order to state a claim for violation of the right to privacy under the California Constitution, a plaintiff must allege (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) conduct by defendant that constitutes a "serious invasion" of privacy. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35–37 (1994). For the same reasons that Plaintiffs have failed to allege a search and seizure claim, their cause of action under the California Constitution fails—the FAC fails to show that Plaintiffs have a reasonable expectation of privacy in the rental registration information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

    B.    <u>Unconstitutional Conditions on Fourth Amendment Rights</u>

    The FAC alleges that the Registration Provision imposes "an unconstitutional condition and restriction on Plaintiffs' licensing and renting of property in violation of the Fourth Amendment." *FAC* ¶ 21.

    The "unconstitutional conditions" doctrine "limits the government's ability to exact waivers of rights as a condition of benefits, even when those benefits are fully discretionary." *United States v. Scott*, 450 F.3d 863, 866 (9th Cir. 2006). "A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013). Therefore, Plaintiffs cannot allege an unconstitutional conditions claim under the Fourth Amendment without demonstrating that they have a Fourth Amendment right to waive in the first place. *See Hotop v. City of San Jose*, No. 18-CV-02024-LHK, 2018 WL 4850405, at *7 (N.D. Cal. Oct. 4, 2018). As discussed above, Plaintiffs have not adequately alleged that the Ordinance violates Plaintiffs' Fourth Amendment Rights. Therefore, their Fourth Amendment unconstitutional conditions claim must be **DISMISSED** as well.

    C.    <u>Fifth Amendment Takings Claims</u>

    Plaintiffs allege that the Registration and Relocation Fee Provisions violate their constitutional rights "to be free from an unconstitutional taking of property without just compensation," in violation of the Fifth and Fourteenth Amendments. *FAC* ¶ 21. Defendant contends that Plaintiffs cannot allege a valid takings claim because Plaintiffs' claim is not ripe for review. *Mot.* 27:20–21; 29:13–21.

        i.    *Ripeness*

    In order to allege a claim that the application of government regulations effects a taking, as the FAC does here, a plaintiff must satisfy a two-step ripeness inquiry as outlined in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). First, a claim is "not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186. Second, a claim is not ripe until the plaintiff "seek[s] compensation through the procedures the State has provided for doing so." *Id.* at 194. A plaintiff need not seek such compensation if doing so would be futile. *Levald, Inc. v. City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

*Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993). Contrary to Defendant's assertion that the ripeness requirement acts as a jurisdictional bar, *see Mot.* 27:20–21, it is a prudential issue, not a jurisdictional one. *See Guggenheim v. City of Goleta*, 638 F.3d 1111, 1117–18 (9th Cir. 2010).

Takings claims can be divided into "facial" and "as-applied" challenges. A facial challenge involves "a claim that the mere enactment of a statute constitutes a taking," while an as-applied challenge involves "a claim that the particular impact of a government action on a specific piece of property requires the payment of just compensation." *Levald*, 998 F.2d at 686.

Both prongs of the ripeness analysis apply to as-applied challenges. However, facial challenges are exempt from the first prong of the analysis, "because a facial challenge by its nature does not involve a decision applying the statute or regulation." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003). The second prong, however, still applies to facial challenges.

The FAC does not allege that Defendant "reached a final decision regarding the application of" the Ordinance. *See Williamson Cty.*, 473 U.S. at 186. Nor does it allege that Plaintiffs have sought compensation through state procedures or show that doing so would be futile. *See id.*, 473 U.S. at 194; *Levald*, 998 F.2d at 686. Accordingly, Plaintiffs' takings claim, whether it is brought as a facial or as-applied challenge, is not ripe. *See Williamson Cty.*, 476 U.S. at 194.

In response, Plaintiffs point to the fact that the Supreme Court granted certiorari in *Knick v. Township of Scott*, 862 F.3d 310 (3d Cir. 2017), *cert. granted*, 138 S. Ct. 1262 (2018), and may overrule *Williamson County*'s requirement that property owners exhaust state court remedies to ripen federal takings claims. *Opp.* 17:11–24. Moreover, Plaintiffs assert that their second cause of action alleges a takings claim under the California Constitution and therefore is not subject to the *Williamson County* ripeness requirement.[2] However, even if Plaintiffs' claims are ripe, the FAC does not adequately allege a takings claim.

---

[2] Plaintiffs also assert that the ripeness inquiry does not apply here because the Ordinance, as a land use exaction, is a *per se* taking under *Koontz*. *See Opp.* 15:27–16:18. As neither party has adequately briefed this issue, and because the Court finds that Plaintiffs' takings claims fail to state a claim even if they are ripe, the Court does not, and need not, reach this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

    *ii.    Failure to State a Claim*

A party seeking to challenge a government regulation as an unconstitutional taking of private property under the Fifth Amendment may do so under one of several legal theories. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 548 (2005). A party may allege a "physical" taking "where government requires an owner to suffer a permanent physical invasion of her property." *Id.* at 538 (citing *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982)). Alternatively, under *Lucas v. South Carolina Coastal Council*, a regulation that completely deprives an owner of "*all* economically beneficial us[e]" of property constitutes a taking. 505 U.S. 1003, 1019 (1992). Neither theory is available to Plaintiffs here, because Plaintiffs have not alleged that the Ordinance imposed a permanent physical invasion of Plaintiffs' rental properties nor a deprivation of all economically beneficial use of those properties.

Where a plaintiff alleges that the regulation has diminished the value of property to an unconstitutional level, the claim sounds in regulatory takings under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). Under *Penn Central*, courts engage in a fact-intensive ad hoc inquiry of the effect of the regulation, considering "the regulation's economic impact on the claimant, the extent to which it interferes with distinct investment-backed expectations, and the character of the government action." *Lingle*, 544 U.S. at 528–29. This theory fails as well, because the FAC fails to allege that the Registration or Relocation Fee Provision has somehow decreased the value of Plaintiffs' properties. It further lacks any factual allegations relevant to any of the *Penn Central* factors.

Instead, Plaintiffs appear to base their takings claim under a subset of the unconstitutional conditions doctrine on the theory that the Ordinance acts as a land-use exaction that violates the standards set forth in *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994). The *Nollan-Dolan* framework applies when the government demands a private payment in exchange for granting a land-use permit. *Nollan* determined that a permit can be conditioned on an exaction where an "essential nexus exists between the legitimate state interest and the permit condition exacted by the city." *Dolan*, 512 U.S. at 386 (quoting *Nollan*, 483 U.S. at 837) (internal quotation marks omitted). *Dolan* refined this requirement by explaining that, if a nexus exists, there must be a "rough proportionality" "between the exactions and the projected impact of the proposed development." *See id.* at 386, 391. In *Koontz*, the Court extended the *Nollan-Dolan* framework to monetary exactions. *See* 570 U.S. at 619.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

However, the Court cannot consider this claim under *Nollan-Dolan-Koontz*, because the FAC is devoid of any allegations connecting Plaintiffs' takings claim with the unconstitutional conditions doctrine. In fact, Plaintiffs raise this argument for the first time in their opposition brief. The FAC also includes no factual allegations showing that the Ordinance lacks an "essential nexus" with the stated governmental interests in the Ordinance. It further lacks any allegations that show that whatever nexus the Ordinance has, the exaction (the relocation fee) is not proportional to the social harm caused by the landlords' actions.

Accordingly, the Court **DISMISSES** Plaintiffs' facial and as-applied takings claims because they are unripe. Even if the Court were to find that they are ripe, the FAC lacks any factual allegations to support their takings claims.

D. Due Process Claim

In their FAC, Plaintiffs allege that the Ordinance violates Plaintiff's individual rights "under the substantive and procedural components of the Due Process Clause." *FAC* ¶ 21.

i. *Substantive Due Process*

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 10-82, 1087 (9th Cir. 2008). When reviewing economic legislation on substantive due process grounds, courts give great deference to the judgment of the legislature. *Levald*, 998 F.2d at 690. "Ordinances survive a substantive due process challenge if they were *designed to* accomplish an objective within the government's police power, and if a rational relationship existed between the provisions and the purpose of the ordinances." *Id.* (quoting *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d 886, 892 (9th Cir. 1988)).

Here, the Urgency Findings that accompanied the Ordinance state that the provisions were enacted to alleviate hardships created by drastic rent increases; to address the shortage in affordable housing in the City; to counteract incentives for landlords to evict an existing tenant without cause to drastically raise rents following the vacancy; and to assist tenants who have been evicted without cause with the cost of obtaining and moving into a different rental unit. *See Ordinance* § 12(a). Defendant could have reasonably concluded that the Registration and Relocation Fee Provisions of the Ordinance would further the stated purposes. For instance, it could have believed that requiring landlords like Plaintiffs to provide the City with rental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

information may allow the City to better monitor and control allowable rents as mandated by the rental stabilization ordinance. It could have also believed that the Relocation Fee Provision would protect tenants from arbitrary evictions. As the Ninth Circuit pointed out, "[t]hese purposes are similar to those advanced in support of other rent control ordinances; the Supreme Court has held that these goals are legitimate." *Levald*, 998 F.2d at 690 (citing *Pennell v. City of San Jose*, 485 U.S. 1, 13–14 (1988)).

Plaintiffs contend that the Court should not analyze their due process claim under a rational basis review test, but "rather under the unconstitutional conditions doctrine in the land use context" as discussed in *Koontz*. However, as explained above, the Court has already ruled that the FAC lacks any factual allegations to support a claim under *Koontz*.

As such, the Court **DISMISSES** Plaintiffs' substantive due process claims.

      *ii.    Procedural Due Process*

To state a claim for violation of procedural due process, a plaintiff must allege (1) the existence of a constitutionally protected liberty or property interest and (2) deprivation of that interest by the government without due process. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law. *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).

Plaintiffs do not claim that they personally have experienced a violation of their property interests because of the Ordinance. Instead, they facially challenge the Ordinance, complaining that "[n]o hearing process is set forth in the Ordinance for notice and opportunity to be heard by the landlord regarding the payment of the relocation fee." *FAC* ¶ 16. Defendant moves to dismiss this claim because the Ordinance "does not establish a reasonable expectation for Plaintiffs' entitlement to those relocation fees when Plaintiffs evict a tenant without just cause." *Mot.* 25:21–23. The Court finds Defendant's argument unpersuasive. This is not a situation where Plaintiffs are objecting to Defendant's discontinuation of government benefits. Instead, the Ordinance requires Plaintiffs to pay a fee that they were not subjected to before. Therefore, the imposition of the relocation fee does appear to implicate Plaintiffs' constitutionally protected property interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

Even so, the Court finds that Plaintiffs have failed to allege a valid procedural due process claim with respect to the imposition of relocation fees. Although the FAC claims that there is "no hearing process" set out in the Ordinance itself, the City's Municipal Code provides avenues for further administrative review of any code violations. *See* Beverly Hills, Cal., City Code § 1-3-301 et seq. Plaintiffs do not explain why the existing mechanisms are not sufficient to provide the requisite procedural due process.

In the opposition brief, Plaintiffs further argue that the Ordinance violates procedural due process because it fails to provide a hearing process if a landlord does not want to provide the rental information as required under the Ordinance. Notwithstanding the fact that the Registration Provision of the Ordinance is equally subject to an administrative review set out in the Municipal Code, Plaintiffs' claim further fails because he has not adequately alleged that he has a constitutionally protected property interest in the rental registration information. As stated above, *see supra* Part IV.A, Plaintiffs fail to offer any justification for why information about their rental properties is subject to a reasonable expectation of privacy.[3]

In sum, the Court **DISMISSES** Plaintiffs' procedural due process claim.

E.      Equal Protection Claim

Plaintiffs allege that the Ordinance violates their individual rights under the Equal Protection Clause of the Fourteenth Amendment because "similarly situated property owners and operators whose properties are not zoned and classified as subject to the [rent stabilization ordinance], such as hotels and motels, have not, and are not, being treated by the City as [Plaintiffs] are under the restrictions of the Ordinance." *FAC* ¶ 22.

Plaintiffs have not alleged in their FAC that they are members of a suspect class. In fact, as the Ninth Circuit held, "[l]andlords are . . . not a protected class." *S.F. Apartment Ass'n*, 881 F.3d at 1179. Therefore, the Court applies the rational basis test when evaluating Plaintiffs' equal protection claim. Under the rational basis standard, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

---

[3] The FAC also complains that the Ordinance infringes on Plaintiffs' *tenants'* privacy rights. To the extent that Plaintiffs intend to assert a claim on behalf of their tenants, they fail to explain how they have standing to represent their tenants' individual privacy interests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

The Ordinance easily withstands the rational basis test. As described in the Urgency Findings and stated above, Defendant adopted the Ordinance in response to rapidly rising rent levels and the shortage of affordable housing. The challenged provisions in the Ordinance are both rationally related to Defendant's legitimate interest in protecting tenants from illegal and drastic rent increases that would displace them where there is already a shortage of affordable housing. *See Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo*, 548 F.3d 1184, 1194–95 (9th Cir. 2008) (finding that a rent control ordinance was rationally related to a legitimate state interest). By requiring landlords to register their rental properties, the Ordinance ensures that landlords are seeking and charging legally permissible rents from their tenants. And by requiring landlords to pay relocation fees for tenants who are evicted without cause, the Ordinance counteracts the landlords' incentive to arbitrarily evict their tenants to drastically increase the rents after the vacancy.

To the extent that Plaintiffs are alleging a class-of-one equal protection claim, the FAC fails to state a valid claim. In order to assert such a claim, "the plaintiff must establish that the County intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Here, the FAC fails to allege how apartment landlords are "similarly situated" with hotels and motels as it alleges. *See FAC* ¶ 22. As Defendant points out, hotels and motels operate under different zoning requirements and regulations compared to apartments. *Mot.* 20:28–21:28. For example, hotels and motels, unlike apartments, provide short-term occupancy, pays transient occupancy taxes, and are restricted to commercial zones. *See id.*

Plaintiffs have not provided any valid response to Defendant's arguments. They contend that the equal protection claim is somehow "subsumed in the Fourth Amendment inquiry," and that a strict scrutiny standard should apply here because of this connection. However, Plaintiffs do not present any authority for their proposition. Their only citation is to *Orin v. Barclay*, 272 F.3d 1207, 1213 (9th Cir. 2001), which was a First Amendment case, without any supporting arguments for why and how this case applies here.

Accordingly, the Court **DISMISSES** Plaintiffs' equal protection claims.

F. <u>Summary</u>

The Court finds that all Plaintiffs' claims alleged in the FAC must be dismissed because they all fail to allege a constitutional violation. The Fourth Amendment search and seizure claim and the accompanying unconstitutional conditions claim fail because the FAC does not provide

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | April 17, 2019 |
|---|---|---|---|
| Title | Apartment Association of Greater Los Angeles et al. v. City of Beverly Hills et al. | | |

any factual allegations to support a finding that Plaintiffs have a reasonable expectation of privacy over the rental registration information sought by the Ordinance. Plaintiffs' takings claims are not yet ripe for the federal courts and even if the Court were to consider them, the FAC lacks any factual allegations to support their claims under any takings theory. The due process and equal protection claims fall short because the Ordinance appears to meet the rational basis test and Plaintiffs have not alleged any facts for the Court to find otherwise. As such, the Court **GRANTS** Defendant's motion to dismiss the complaint in full.

V.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

While the Court is skeptical that Plaintiffs could save their complaint by amendment, the Court cannot conclude that amendment would be futile. Therefore, the Court **GRANTS** leave to amend. An amended complaint must be filed by **May 17, 2019** or the complaint will be dismissed with prejudice.

VI.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss in full. Leave to amend is **GRANTED**. An amended complaint must be filed by **May 17, 2019** or the complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**