UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV 18-6840 PSG (Ex) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    The Court GRANTS Defendant's motion to dismiss

Before the Court is Defendant City of Beverly Hills' ("Defendant" or "City") motion to dismiss Plaintiffs Apartment Association of Greater Los Angeles ("AAGLA") and Orit Blau's ("Blau") (collectively "Plaintiffs") second amended complaint. *See* Dkt. # 29 ("*Mot.*"). Plaintiffs oppose the motion, *see* Dkt. # 30 ("*Opp.*"), and Defendant replied, *see* Dkt. # 37 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving papers, the Court **GRANTS** the motion.

I.   Background

The Court has extensively recounted the facts underlying this case in its previous order, *see April 17, 2019 Order*, Dkt. # 27 ("*First MTD Order*"), and therefore will repeat here only the facts necessary for deciding this motion.

   A.   Factual Background

Plaintiff AAGLA is a trade association of apartment owners, and Plaintiff Blau is a member of AAGLA. *See Second Amended Complaint*, Dkt. # 28 ("*SAC*"), ¶¶ 3, 6–7, 10. Defendant is a municipality. *See id* ¶ 4.

On February 21, 2017, the City Council adopted Urgency Ordinance No. 17-O-2728 ("the Ordinance"), which replaced Ordinance No. 17-O-2725 and amended the Beverly Hills Municipal Code to require landlords to register all rental units that are subject to an already existing Rent Stabilization Ordinance ("RSO"). *Defendants' Request for Judicial Notice*, Dkt. #

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | | Date | July 17, 2019 |
|---|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | | |

29-91 ("*RJN*"), Ex. 2 ("*Ordinance*"), §§ 4, 9.[1]  The Ordinance also requires that landlords pay relocation fees to tenants who are evicted without just cause.  *Id.* §§ 3, 8, 12.  The stated purposes of the Ordinance are to address the shortage of affordable housing in the City, to halt the dramatic rise in rent, and to curb the landlords' incentives to evict existing tenants so that they can re-rent units with drastically increased rent.  *Id.* § 12(a).

       *i.*       *The First Amended Complaint*

In their First Amended Complaint ("FAC"), Plaintiffs brought two causes of action.  *See generally First Amended Complaint*, Dkt. # 19 ("*FAC*").  For their first cause of action under 42 U.S.C. § 1983, Plaintiffs lumped together the following alleged constitutional violations: (1) facial and as-applied claims for unreasonable search and seizure under the Fourth and Fourteenth Amendments; (2) facial and as-applied claims for imposition of unconstitutional conditions under the Fourth Amendment; (3) unconstitutional takings of property without just compensation under the Fifth and Fourteenth Amendments; (4) violation of substantive and procedural due process under the Fourteenth Amendment; and (5) violation of equal protection under the Fourteenth Amendment.  *Id.* ¶¶ 21–22.  Plaintiffs' second cause of action repeated their takings claim but specified (1) that it was brought as both a facial and as-applied claim and (2) that it was also brought under the California Constitution Takings Clause, Article I, Section 19.  *Id.* ¶ 27.

Defendants moved to dismiss the FAC for failure to state a claim, and the Court granted the motion.  *See First MTD Order*.  First, the Court held that the Fourth Amendment search and seizure claim and the accompanying unconstitutional conditions claim failed because the FAC did not provide any factual allegations to support a finding that Plaintiffs have a reasonable expectation of privacy in the rental registration information sought by the Ordinance.  *Id.* at 4–7.  Second, the Court held that Plaintiffs' takings claims were not yet ripe, and even if the Court were to consider them, the FAC lacked allegations showing that the Ordinance constituted an unconstitutional land-use exaction that violates the standards set forth in *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), *Dolan v. City of Tigard*, 512 U.S. 374 (1994), and *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013).  *Id.* at 7–10.  Third, the Court rejected Plaintiffs' procedural due process claim because the Ordinance did not implicate a constitutionally protected property interest, and even if it did, the FAC failed to explain why the existing administrative review mechanisms were not sufficient to provide

---

[1] Defendants' request for judicial notice of the Urgency Ordinances and the City's municipal code provisions is **GRANTED**.  *See RJN*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | |

procedural due process. *Id.* at 11–12. Finally, the Court dismissed the substantive due process and equal protection claims because the Ordinance met the rational basis test. *Id.* at 10–13.

Although the Court noted its skepticism that the FAC could be salvaged by amendment, it could not conclude that amendment would be futile and therefore granted Plaintiffs leave to amend. *Id.* at 14.

        *ii.*    *The Second Amended Complaint*

On May 17, 2019, Plaintiffs filed a Second Amended Complaint ("SAC"), reasserting the same claims with a few additional details. *See generally SAC*.

First, the SAC states that on September 19, 2017, the City adopted Resolution No. 17-R-13158, which set forth regulations for the registration of rental units in furtherance of the Ordinance. *SAC* ¶ 13. Second, the SAC lists the registration requirements, which are copied almost verbatim from the regulations. *See id.* ¶¶ 15–17. According to the regulations, as part of the registration of rental units, property owners must disclose (1) contact information for the property manager; (2) "biographical" information about the rental unit, including the unit number, the number of bedrooms and bathrooms, whether utilities are provided as part of rent, and the current monthly rent for the unit, among other things; and (3) tenancy information, including whether the tenant is subject to the RSO, whether the tenant occupies the unit pursuant to a Section 8 voucher, and whether the tenancy is subject to a contract with a governmental entity or non-profit entity that governs the tenancy. *See id.* Third, the SAC alleges that the Ordinance requires Plaintiffs to disclose "private business information," as opposed to "sensitive business information" as was alleged in the FAC. *Compare id.* ¶¶ 18, 27, 32 *with FAC* ¶¶ 12–13, 15. Other than these amendments, Plaintiffs made no significant changes to their claims between the FAC and SAC. *See SAC* ¶¶ 25–34; *FAC* ¶¶ 19–28.

Defendant now moves again to dismiss the case for failure to state a claim. *See generally Mot.*

II.    <u>Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | |

true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.   Discussion

Both parties largely repeat the same arguments they made in the first motion to dismiss. As the Court extensively addressed those arguments in its previous order, *see generally First MTD Order*, here, the Court focuses on those arguments that are new—specifically, whether Plaintiffs' additional allegations regarding "private" business information are enough to state a Fourth Amendment search and seizure claim.

   A.   Fourth Amendment Claims: "Private" Business Information

In their SAC, Plaintiffs reassert their Fourth Amendment search and seizure claim on the basis that the Ordinance requires property owners to provide various information about the rental properties as part of the registration requirement. *See SAC* ¶¶ 15–17, 27. In support, Plaintiffs list the items that need to be disclosed and claim that the Ordinance requires them to divulge their "*private* business information," as opposed to "*sensitive* business information" as was alleged in the FAC. *Compare e.g.*, *SAC* ¶ 27 *with FAC* ¶ 13. However, merely referring to such information as "private" is conclusory and is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In its previous order, the Court explained that Plaintiffs "fail[ed] to present any supporting factual allegations to demonstrate that they have a reasonable expectation of privacy in such rental information," noting that "rent registration information is 'actually and routinely submitted for a broad range of property transactions.'" *First MTD Order* at 4 (citations omitted). Although the SAC now further elaborates on what information must be provided, it still does not address the Court's concerns. For instance, Plaintiffs now cite to the rental registration regulations that require disclosure of the contact information for a property manager, *see SAC* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | |

15, but do not explain why they have a reasonable expectation of privacy in this information. In fact, a property manager's contact information is routinely disclosed by landlords and property managers to tenants, prospective tenants, and third parties in the course of advertising and renting out units, managing those rentals, and arranging for maintenance and repairs of those units. "Biographical" information about the rental units—including number of bedrooms and bathrooms, whether parking is provided, and the monthly rent—that Plaintiff seeks to protect from the rental registration requirements either are matters of public record or are regularly disclosed in applications submitted to local governments to increase rent or withdraw rental units. *See* Beverly Hills, Cal., Code § 4-6-11 (2019); *S.F. Apartment Ass'n v. City & Cty. of San Francisco*, 142 F. Supp. 3d 910, 934 (N.D. Cal. 2015); *see also Katz v. United States*, 489 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."). Lastly, information regarding tenancy—for example, whether the tenant is subject to the RSO or occupies the unit pursuant to a Section 8 voucher and whether tenancy is subject to a contract with a governmental entity or non-profit entity—is disclosed in other contexts, including when landlords apply for Section 8 eligibility with public housing agencies.[2]

In their opposition brief, Plaintiffs do not put forward any other arguments and instead rely on the same cases and arguments that this Court considered and rejected in the previous motion to dismiss. Accordingly, the Court **DISMISSES** Plaintiffs' Fourth Amendment claims.

B.  Other Constitutional Claims

Other than details about what Plaintiffs consider to be "private" business information, the SAC is devoid of any new factual allegations. Therefore, Plaintiffs' other constitutional claims necessarily fail for the same reasons stated in the Court's prior order. *See generally First MTD Order*. Plaintiffs have not provided any basis for the Court to reconsider its prior conclusions.[3]

---

[2] To the extent that Plaintiffs argue that such disclosure would violate the *tenants'* privacy, Plaintiffs have not sufficiently alleged why they have standing to represent their tenants' privacy interests.

[3] Plaintiffs briefly reference *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), a recent Supreme Court decision holding that a property owner may bring a Fifth Amendment takings claim at the time of the violation and need not first seek compensation through state procedures, overruling *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). *Opp.* 2:24–25; 20:4–10. However, *Knick* does not affect the Court's previous order dismissing Plaintiffs' takings claim, because the Court explained that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6840 PSG (Ex) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Apartment Assoc. of Greater L.A., et al. v. City of Beverly Hills, et al. | | |

Accordingly, the Court **DISMISSES** all of Plaintiffs' other constitutional claims.

IV.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court granted leave to amend in its prior order, *see First MTD Order* at 14, but Plaintiffs' FAC and SAC hardly differ at all, and both fail to allege sufficient facts to back up their claims. The Court believes any further attempt to amend the complaint for these claims would be futile. Therefore, leave to amend is **DENIED**.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to dismiss the SAC. Leave to amend is **DENIED**. This order closes the case.

**IT IS SO ORDERED.**

---

"even if Plaintiffs' claims are ripe [because they need not meet the *Williamson County* requirement], the FAC does not adequately allege a takings claim" because it lacks any factual allegations to support a physical taking, a regulatory taking, or land-use exaction claim. *See First MTD Order* at 9–10.